## Robert Ramsay v. Solomon Kittridge.

*Costs: Judgment: Certificate of judge under Comp. L., § 5636.* When a judgment of the circuit court has been rendered in favor of the plaintiff for less than one hundred dollars, with costs to the defendant, a certificate of the circuit judge, who held said court, and who rendered said judgment, made after judgment, and entitled and filed in the cause, "that upon the trial of said cause the claim of the plaintiff, as established, exceeded the sum of two hundred dollars and the same was reduced by set-off to the sum for which judgment was rendered," and directing "that an entry that such fact appeared be made in the minutes of said court of said trial," will not impeach or effect the judgment for costs, on writ of error.

RAMSAY *v.* KITTRIDGE.

*Comp. L.,* § *5636, construed: When entry and certificate to be made.* The statute (*Comp. L.,* § *5636*) authorizing the judge holding the court, on the application of either party, either before or after verdict rendered, if upon the trial the plaintiff's claim shall be reduced by set-off, or any other fact shall appear which will entitle either party to costs or double costs, to cause an entry to be made in the minutes of the court specifying that such fact appeared, and providing that "no evidence shall be received by any taxing officer of such matter other than a certified copy of such minutes, or the certificate of the judge who tried the cause," does not authorize the granting of such certificate *after judgment,* so as to apply to, and affect, the judgment, which itself determines which party is to recover costs.

In the cases to which this statute applies, the entry is needed to show which party is to recover costs or double costs in order that the judgment may be put in proper form, and furnishes the information for constructing the judgment, and must, therefore, precede the judgment; and any entry or certificate framed on this statute, could have no influence on a judgment theretofore regularly rendered.

*Heard October 11.   Decided October 17.*

Error to St. Clair Circuit.

The facts are fully stated in the opinion.

*Conger & Harris* and *Trowbridge & Atkinson,* for plaintiff in error.

*T. C. Owen* and *R. P. Eldredge,* for defendant in error.

GRAVES, J.

Ramsay sued Kittridge in general *assumpsit,* and the case was tried by the court without a jury. The trial commenced at the May term of 1867 and was concluded at the January term of 1869.

No special finding was made, but at the April term of 1869, judgment for the plaintiff was entered for damages, ninety-six dollars and thirty-five cents and costs of suit. At the ensuing September term the record was amended by an entry in the cause, in these terms: "It appearing to the court that there is an error in the entry of the judgment in this cause on the 23d of April, 1869, in so far as the said record purports to give costs to said plaintiff; it is hereby ordered that said entry be corrected so that the said defendant shall recover his costs and charges

by him about his suit in that behalf expended to be taxed, that the damages to the said plaintiff be deducted ·from the amount of costs to be taxed by said defendant as aforesaid, and that said defendant do recover the residue of his said costs and charges and that he have execution therefor." The record having been so amended, the plaintiff, subsequently and in January last, sued out this writ of error, and the error he alleges is, that costs were awarded to the defendant. But, as the judgment upon its face is regular and does not appear to be subject to ; the objection taken, the plaintiff in error relies upon another paper found in the return, to support his assignment of error and impeach the judgment. That paper is entitled in the cause, and seems to have been made some time after the judgment. It is without date and was evidently framed under § *5636, Comp. L.* It reads as follows: " On the application of Messrs. Conger & Harris, plaintiff's attorneys in the above entitled cause, I, Jas. S. Dewey, circuit judge who held the term of said court at which the above entitled cause was tried, and who rendered judgment in the same, hereby certify that upon the trial of said cause, the claim of the plaintiff, as established, exceeded the sum of two hundred dollars, and the same was reduced by set-off to the sum for which judgment was rendered, and I hereby direct that an entry that such fact appeared, be made in the minutes of said court of said trial." The section supposed to authorize this paper, is a part of the statute regulating the taxation of costs, and is as follows: " If upon the trial of any cause the plaintiff's claim shall be reduced by set-off, or any other fact shall appear which will entitle either party to costs or to double costs, the judge holding the court shall, on the application of either party, either before or after verdict rendered, cause an entry to be made in the minutes of the court specifying that such fact appeared;

and no evidence shall be received by any taxing officer of such matter, other than a certified copy of such minutes or the certificate of the judge who tried the cause."

The nature of this provision very clearly imports that in the order of proceedings the application for the entry, if not the entry itself, should be made before judgment, and not after it, in order to apply to the judgment. It is the judgment which determines which party is to recover costs, and not the certificate of the judge; and the taxing officer, with or without the certificate, has no power to tax contrary to the judgment. In cases where the statute applies, the entry is needed to show which party is to recover costs or double costs, in order that the judgment, from the facts contained in such entry, may be put in proper form, and hence the entry which is to furnish the information for constructing the judgment ought to precede and not follow it. The judgment being once regularly made, any entry or certificate framed on this statute could have no influence on it.

The terms of the statute also indicate that the application and entry consequent upon it should be made before judgment.

The application is to be made before or after verdict, to the judge holding the court; not after judgment. The sensible view of the statute is that it was intended to allow the application to be made at any time between the close of the evidence, when the judge would be possessed of the facts, and the time for entering judgment, when the facts would be needed to fix the character of the judgment. As the application, in this instance, and the certificate founded on it were made after the judgment, I think the certificate is not legally adequate to impeach or affect the judgment, on writ of error. There is no point in the case touching the power or duty of the circuit court to amend,

either with, or without, an entry or certificate, when the costs have been wrongly awarded, and no opinion is given on that subject. There are other objections to a reversal of the judgment on this record, but it is quite unnecessary to state them. I think the error assigned is not established, and that the judgment should be affirmed with costs.

The other Justices concurred.