WESTERN TRAVELERS ACCIDENT ASSOCIATION V. ORVILLE J. TAYLOR ET AL.

Filed November 7, 1901.　No. 10,203.

Commissioner's opinion, Department No. 1.

1. **Suit Against Domestic Corporation:** CODE: PROPER FORUM. Section 55 of the Code authorizes a domestic incorporated insurance company to be sued (*a*) in the county where its principal place of business is fixed by its charter, although its actual business is carried on and its officers reside in some other county; (*b*) in the county where it is situated, and it is situated in any county where it has and maintains a place of business, and servants, employees, or agents engaged in conducting and carrying on the business for which it exists; (*c*) in any county where the cause of action, or some part thereof, arose.

2. ———: ———. Under section 60 of the Code, all actions not provided for by preceding special provisions, must be brought in the county where the defendant, or some one of the defendants, resides, or may be summoned; and that section does not authorize an action to be brought against a domestic incorporated insurance company in a county not authorized by section 55.

3. **Purpose of Statute:** The purpose of section 73 of the Code is to provide the manner in which summons may be served upon a corporation, and it does not enlarge the number of jurisdictions in which suit may be brought.

4. **Statute:** CONSTRUCTION. Where one construction leaves a portion of a statute meaningless and nugatory, and another construction gives to the entire statute an intelligible and consistent meaning, the latter will ordinarily be adopted.

5. **Presence of Officer Does Not Confer Jurisdiction.** A domestic corporation may be sued only in the places provided by law, and the temporary presence of one or more of the officers of such corporation in another jurisdiction does not authorize the corporation to be sued there.

6. **Statutory Provision Exclusive.** When the legislature provides the county in which a domestic corporation may be sued, such provision is exclusive.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J. *Reversed.* NORVAL, C. J., *dissenting.*

*W. A. Prince* and *O'Neill & Gilbert,* for plaintiff in error:

Defendant is a mutual insurance company, organized under the laws of the state of Nebraska and located at Grand Island. The cause of action did not arise in this state; for the injury complained of was not received in Douglas county, Nebraska, but in Bryan county, Iowa. The only jurisdiction acquired was by service of summons on the secretary while temporarily in Douglas county. This court has frequently held that the question of jurisdiction might be raised either by special appearance or by answer. It was raised in both ways in the county court and by answer in the district court. There is no contention of fact on the question of jurisdiction.

The first question to be considered is whether or not the courts of Douglas county acquired jurisdiction over a domestic insurance company by service of summons upon its secretary while he was temporarily within its jurisdiction.

The following points are material:

1. The defendant is a mutual insurance company and domestic corporation;

2. The company has no agency in Omaha and no place of business there;

3. The cause of action did not accrue in Douglas county or in the state of Nebraska;

4. The pretended service was made upon the secretary of the company when only temporarily within the jurisdiction of the court for the purpose of effecting a settlement of the matter in controversy.

There is a great difference between an agency and an agent. An agency represents the company itself—is in fact the company located at the agency. An agent may be temporarily in the county, but does not carry the company with him. The company's certificate was not issued in Douglas county. No premium was ever paid there. All the business was transacted in Hall county. By no logic could the secretary carry the corporation into Douglas county by his temporary presence there. *Bankers Life Ins. Co. v. Robbins,* 53 Nebr., 47; *Fitzgerald & Mallory Construction Co. v. Fitzgerald,* 137 U. S., 98.

It is difficult to find cases in point as to domestic corporations. The cases generally refer to foreign corporations. But the principle is the same. Black, Judgments, sec. 910; *M'Queen v. Middleton Mfg. Co.,* 16 Johns. [N. Y.], 5, 7; *Brewster v. Michigan C. R. Co.,* 5 How. Pr. [N. Y.], 183.

Section 55 of the Code prescribes that a cause of action may be brought against a corporation in the county where it is situated, or, if an insurance company, where the cause of action arose. Section 73 of the Code clearly refers to causes where the cause of action is brought in the county where the corporation is situated. Section 74 refers to causes where the company has an agency in the county where the suit is brought.

*Brome & Burnett* and *Shull & Farnsworth, contra:*

At common law, the only manner in which a corporation could be subjected to the jurisdiction of the court was by distraint of its property; hence, statutes providing service by summons are in derogation or modification of the common law. In construing such statutes, the rule

of the common law that statutes in derogation thereof are to be strictly construed, has no application to the Code. Its provisions and all proceedings under it are to be liberally construed with a view to performing its object and to assist the parties in obtaining justice. Code of Civil Procedure, sec. 1.

It follows that as to a provision of the Code of Civil Procedure that is capable of two constructions, one of which sustains the jurisdiction of the court, and one which ousts it from jurisdiction, the former should be adopted.

KIRKPATRICK, C.

This is an action brought by defendant in error in the county court of Douglas county to recover of plaintiff in error $514.28 on an accident insurance certificate issued by plaintiff in error. It appears from the record that plaintiff in error is an insurance company incorporated under the laws of this state, its location and place of business being at Grand Island, Hall county; that it issued a certificate to one Henry C. Cook, who was injured by an accident at Sheldon, Bryan county, Iowa, which he claims resulted in his total disability from May 10 to October 1, 1895, to his damage in the sum of $514.28; that the amount due him on his certificate had been assigned to defendant in error. It appears that Arthur L. Sheetz was secretary of plaintiff in error, and came to Omaha on behalf of the company for the purpose of trying to effect a settlement of the claim upon which suit is brought. The parties failed to reach an agreement, and while the secretary remained in Douglas county this action was instituted and a summons was duly issued and served upon him. The company made a special appearance in the county court, pleading that it had no agent in Douglas county; that it was not engaged in business therein; that its business had at all times been carried on at Grand Island, and that it was situated only in Hall county and not in Douglas county, and never had any place of business in Douglas county, or employees or agents engaged

in carrying on its business there, and had none at the time of service of summons; that the service was made upon Arthur L. Sheetz,. secretary of the company, while temporarily in Douglas county, and that the pretended cause of action arose in Iowa and not in Nebraska, and that the Douglas county court had no jurisdiction. This special appearance was overruled, and plaintiff in error answered, pleading want of jurisdiction of the county court upon the same grounds relied upon in its special appearance. The answer, as additional defenses, pleaded that the by-laws of the company contained a provision that suit could not be brought within ninety days from the receipt by the company of proofs of loss; that proofs of loss had not been made ninety days prior to the commencement of the action, and that the same was prematurely brought; and that garnishment proceedings had been brought against it in Hall county. Trial was had, which resulted in a judgment against plaintiff in error. The cause was taken on appeal to the district court, where trial was had upon the same issues, which again resulted in a judgment against the company, to reverse which the case is brought to this court.

Briefly stated, the contention of plaintiff in error is, first, that neither the county nor district court of Douglas county had jurisdiction, because service upon Arthur L. Sheetz, secretary of the company, while temporarily in Douglas county engaged in looking after business for the company, was not service upon the company; second, that the by-laws of the company, by which Henry C. Cook was bound, contained a provision that suit could not be brought until ninety days had elapsed after proof of loss was received by the company, that ninety days had not elapsed, and therefore the suit was prematurely brought. There seems to have been no dispute that plaintiff in error is a domestic incorporated insurance company, with its principal place of business at Grand Island; that Arthur L. Sheetz was its secretary and general managing agent, and that he was temporarily in Douglas county attempt-

ing to make a settlement for the damages sustained by Cook on account of the accident which had occurred in the state of Iowa; that the company had no agent or place of business in Douglas county, and that the summons in this case was served upon the said Sheetz while he was temporarily in Douglas county transacting business for the company. The question is, therefore, squarely presented by the record whether an action can be instituted against a domestic incorporated insurance company in a county where it has no agent or place of business, or where no part of the cause of action arose, and jurisdiction be obtained by service of summons upon one of the chief officers of the company while temporarily in the county where the action is brought transacting business for the corporation.

The principle is elementary that domestic corporations, being purely creatures of the statute, can only be used and jurisdiction obtained over them in the manner provided by statute. Such statutes enter into and become a part of their franchises, and it would be unjust to extend the statutes giving jurisdiction over such corporations beyond the fair and reasonable intendment of the legislature. 6 Thompson, Corporations, sec. 7540. In order to obtain a clear understanding of the principle involved in this case, it is also necessary to keep in mind the distinction between that part of the Code providing where actions may be brought and that part providing the manner in which service of summons may be had. The determination of the principal questions requires a consideration of various statutory provisions, and those of a controlling nature will, for convenience, be set out. Sections 51 to 60, both inclusive, of the Code of Civil Procedure, fix the place at which actions that can be brought under the laws of this state must be brought. Of these sections, 55 and 60 are the only ones which have any bearing on the case at bar. Section 55 is as follows: "An action other than one of those mentioned in the first three sections of this title, against a corporation created by the

laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business; but if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose." Section 60: "Every other action must be brought in the county in which the defendant, or some one of the defendants, reside, or may be summoned." It has been urged by counsel that because section 55 contains the word "may" with reference to where actions might be brought, the section is remedial and not exclusive. This position is wholly without merit. By reading this section of the statute, and inserting the word "shall" in each place where the word "may" occurs, the weakness of this contention will readily be manifest. The legislature could have used no other word in this section than the word "may," and for this reason it does not serve as an aid in determining whether the section itself is or is not exclusive of the provisions of other sections. In construing this section, the word "may" should-be considered in connection with the rule of statutory construction that "may" and "shall" are to be read interchangeably, so as best to express the legislative intention, *Fowler v. Pirkins,* 77 Ill., 271. The purpose of the legislature in using the word "may" was to permit suit to be brought in any one of the counties embraced within the terms of section 55, and not to permit suit to be brought in other counties under the terms of any other section. The question whether this section is exclusive must be determined by considering it in connection with all other statutory provisions relating to where actions may be brought.

It is contended that by section 60 an action against a domestic insurance company might be brought at other places than those designated in section 55. Section 60, speaking for itself, says that it has no application in any case provided for by preceding sections, and it has been so considered by this court. In the case of *State v. Hill,* 38 Nebr., 698, 704, this court, speaking through IRVINE, C.,

said: "As between section 54 and section 60, it would seem clear that the action was one of those designated in section 54, and that, therefore, that section would govern rather than section 60, which is simply a general provision meant to apply to such cases as should not fall within any of the preceding special provisions." In *Barry v. Wachosky*, 57 Nebr., 534, a similar view was taken of this section. That this is the purpose of section 60 is indicated, not only by the order in which the sections occur in the Code, but by the use of the words, "every other action." Why, it may be asked, after providing for the place where a domestic corporation may be sued in section 55, should the legislature, if still having domestic corporations in mind, use the language, as in section 60, "every other action"? Again, that section 60 is intended to provide only for those cases not previously provided for by special enactment, is indicated in the omission from it of the saving clause, which occurs in the preceding sections, viz, "other than one of those mentioned in the first three sections of this title." This clause could not have been omitted unless the legislature assumes that the language "every other action" would be given its ordinary and natural meaning. But disregarding the order in which sections 55 and 60 occur in the Code, and the use of the words "every other action," in section 60, if it should be held that section 55 operates to enlarge section 60, it is difficult to see how, in any given case, except in one arising under the last clause of section 55, that section would ever accomplish the result of enlarging the operation and effect of section 60. If, under section 60, an action against a domestic corporation may be brought in the county in which one of the principal officers may be found, in what manner do the provisions of section 55, that a domestic corporation may be sued in the county where it is situated, or in the county where it has its principal office or place of business, operate to enlarge section 60? That section would already be broad enough to authorize a suit in either one of these places, and to so

construe section 60 would be to render useless the major portion of section 55. Another argument is in the fact that in section 59, where provision is made for the county in which a foreign corporation may be sued, it is said that such action "may be brought in any county  *   *   * where said defendant may be found," while in section 55, relative to domestic corporations, no such language is found. Yet, if such language is unnecessary in section 55 because of the provisions of section 60, it is equally unnecessary in section 59. In no case brought to our attention has section 60 ever been quoted concerning jurisdiction over a corporation except in *Council Bluffs Canning Co. v. Omaha Tinware Mfg. Co.,* 49 Nebr., 537, cited by defendant in error. The Council Bluffs Canning Company was a foreign corporation, having a managing agent in Washington county, this state. The contract was entered into with such managing agent within this state. The action was held to be maintainable in this state under the provisions of section 59, which provides, "an action *   *   * against a non-resident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found." The learned judge writing the opinion in that case, in a mere dictum, by inadvertence said, at page 541, "Section 60, under the same title, is as follows: 'Every other action must be brought in the county in which the defendant, or some one of the defendants resides, or may be summoned,'" and, after finding that the foreign corporation had a managing agent in this state, concluded: "This being true, service on him was the service prescribed by law as set forth in our Code in the section last quoted [60]." It seems clear that, jurisdiction having been sustained under section 59, applicable to foreign corporations, the service upon the resident managing agent could have been more properly sustained under section 75, which provides, "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon

such agent." Section 60, therefore, was not applicable in a determination of that case, and its citation was erroneous. It is contended by counsel for defendants in error that section 55 is remedial in its nature, and, therefore, not restrictive, and *Insurance Company of North America v. McLimans,* 28 Nebr., 653, is cited to support this view. In that case, a policy of insurance was issued on a store building situated in Ogden, Iowa. Loss occurred and suit was brought on the policy in Madison county, Nebraska, and a summons was served on an agent of the company residing in that county. The company was a foreign corporation, and the learned judge writing the opinion in that case said that a contract of insurance was personal in its nature, and that the action may be brought wherever service may be had upon the insurer. Citing section 55, he says that under the authority of that section an action could be brought against an insurance company in any county where the cause of action or some part thereof arose. The cause of action had risen in Iowa where the building was situated and where the loss occurred. Section 55 has no application to foreign corporations, and if the cause of action had arisen in Nebraska, the action could properly have been brought under the provisions of section 59, which was at that time in force. If the court in that case had any jurisdiction, it must have been acquired by service under section 74, which provides: "When the defendant is an incorporated insurance company, and the action is brought in a county in which there is an agency thereof, the service may be upon the chief officer of such agency." That section 55 authorizes suit against a domestic insurance company in the county where the cause of action arose scarcely warrants the conclusion that a foreign corporation, on a cause of action arising in Iowa, can be sued in Madison county, this state. The jurisdiction in that case was correctly sustained, but a wrong reason given therefor. Yet there will be found in that opinion no authority to institute an action against a domestic incorporated insurance com-

pany in any county other than that designated in section 55.

Originally, and under the common law, corporations were created in some particular place. Thompson, Corporations, sec. 687. And they were not permitted to have two domiciles. Thompson, Corporations, sec. 688. And suit had to be brought at the domicile of the corporation. Section 55 of our Code is remedial to the extent that it allows an action to be brought in a county where a domestic corporation has a place of business, and maintains an agency for the transaction of the business for which it exists, although it might not be its principal place of business; and, also, that it allows an action to be brought against a domestic insurance company in the county where the cause of action, or some part thereof, arose; but it does not follow from this fact that the section under consideration is not also exclusive. Sedgwick, Construction of Statutory & Constitutional Law [2d ed.], p. 32, says: "Remedial acts are those made from time to time to supply defects in the existing law, whether arising from the inevitable imperfection of human legislation, from change of circumstances, from mistake, or any other cause. The object is sometimes affected by imposing restrictions, in which case the statute is a restraining or disabling statute; sometimes by granting powers, in which case it is an enabling or enlarging statute." Section 55 was considered in the case of *Fremont Butter & Egg Co. v. Snyder,* 39 Nebr., 632. The Fremont Butter & Egg Company had its principal office or place of business in Dodge county, and that, by its articles of incorporation, was fixed as its principal place of business. It also had a business house, that is, a building, which it occupied as a place of business in Wahoo, Saunders county. Suit was brought against it in Saunders county. In sustaining the jurisdiction, this court held that the action was properly brought in Saunders county under section 55, and said: "That the meaning of this statute is that a domestic corporation may be sued (*a*) in the county where

its principal place of business is fixed by its charter, although its actual business is carried on and its officers reside in some other county; (*b*) * * * in any county where it is situated, and that it is situated in any county where it has and maintains a place of business, and servants, employees, or agents engaged in conducting and carrying on the business for which it exists." This section was again considered by this court in the case of *Bankers Life Ins. Co. v. Robbins,* 53 Nebr., 44, and the case of *Fremont Butter & Egg Co. v. Snyder, supra,* cited with approval. From the authorities cited, and from what has been said, it follows that an action against a domestic incorporated insurance company may be brought, first, in any county where, by its articles of incorporation, it has fixed its principal office or place of business; second, in any county where it maintains' an agency, and servants, and employees, engaged in carrying on the business for which it exists; and third, in the county where the cause of action or some part thereof arose.

We will next consider the controlling sections under chapter 2, of title 5, of the Code, providing for the manner of service. The only sections applicable to a corporation such as in the case at bar are sections 73 and 74. These sections are exclusive, and have been so regarded by this court in *Bankers Life Ins. Co. v. Robbins, supra.* Section 73 reads as follows: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office, or last usual place of business of such corporation." Section 74 reads as follows: "When the defendant is an incorporated insurance company, and the action is brought in a county in which there is an agency thereof, the service may be upon the chief officer of such agency." It is contended by counsel for defendants in error that summons could be served in

Douglas county in accordance with section 73, and that, therefore, under section 60, the action was properly brought in Douglas county. As already determined, section 60 has no application, and it therefore follows that this contention can not be sustained. In examining section 73, it must be borne in mind that its only purpose is to provide the manner in which summons shall be served, and it can not be held in any manner to authorize the institution of an action in any county not authorized by preceding sections, or to add to the enumeration of places where a domestic corporation may be sued. An examination of this section discloses three modes of service: (1) upon the president, mayor, chairman of the board of directors or trustees, or other chief officer; (2) if none of the principal officers named can be found in the county, then upon the cashier, clerk, or managing agent; (3) if none of the last mentioned officers can be found, then service may be made by leaving a copy of the summons at the office or last usual place of business of the corporation. From a careful analysis, it seems clear that the word "county" should be understood and read in connection with the second and third provisions as well as with the first; that is, if the cashier, treasurer, secretary, clerk, or managing agent is not found in the county, then service may be made by leaving a copy of the summons at the office or last usual place of business of such corporation in the county. It is also clear that the word "county" refers to the county where the action is authorized by law to be brought. The return of the sheriff showing service upon the officer or person named in the second class would not be *prima facie* good unless it recited that the chief officers named in the first class could not be found; and service by leaving the summons at the office or last usual place of business of the corporation would not be good unless it appeared by the return that the persons named in both the first and second classes could not be found in the county. *Hoen v. Atlantic & P. R. Co.*, 64 Mo., 561. It is not reasonable to suppose that the legisla-

ture intended a search to be made by the sheriff where there was no prospect that the officers or agents of the corporation would be found. The place to look for the officers or agents of a corporation is at the place of business of such corporation, and not in some county distant from its place of business, where there would be no reasonable expectation of finding them. The presumption is that officers of a corporation will be found at its place of business.

The Code of Michigan, in respect of the institution of actions and obtaining service upon defendants, does not essentially differ from our own. The statute of that state providing for service upon corporations is as follows: "Service of any legal process against any corporation formed under this act, may be made on the president, secretary, or agent, or if neither of them can be found in the county in which, by their articles of association, they are to do business, then such service may be made by posting a true copy thereof on some conspicuous place at the business office of the company in said county." If we are correct in our conclusion that the word "county" must be read in connection with each of the three alternative provisions of section 73, and that the county referred to, in case of a domestic incorporated insurance company, is the county where, under section 55, the action is authorized to be brought, then the reasoning in the case of *Dewey v. Central Car Mfg. Co.*, 42 Mich., 399, 403, is applicable here. In that case the supreme court of Michigan, construing the section of the statute above quoted, says: "Now only two modes of service are here authorized: First, on the president, secretary or agent, if found within the county where the business office is located, and if they are not found within that county, then second, by posting at the business office within such county. There is no middle course. The method by posting is absolute and exclusive if those upon whom the law authorizes service are out of the county. No service can be made in a foreign county. Whether it is effected on the president, secretary or agent, or by means of posting, it must be

done in the county where the business office is fixed, and the effect is to exclude courts which are not empowered to have their process served in the county containing the office. The defendant's office was located in Jackson county, and hence, if all the officers and agents had been found in the city bounds of Detroit, the authority of the court would have been no greater than if they had stayed in Jackson. Finding them in Detroit would not be finding them in Jackson county, and the not finding them in Jackson county would authorize the alternative mode of service by posting in Jackson county and exclude all others. There is no provision for making the right of service and jurisdiction follow the persons of the officers and agents of the corporation wherever they may go. In short, the organic act confines the service to a locality in which this process of the superior court can not be served." It will be noticed from this language, that the word "may" in that statute is construed as "shall," and the provisions of the statute quoted above held to be exclusive.

Again, in the case of *Detroit Fire & Marine Ins. Co. v. Judge of Saginaw Circuit Court,* 23 Mich., 491, 495, it is said: "But if those officers are to be engaged in looking honestly after their official duties, the presumption must always be that in every county but one they will not be found, and if this section will allow suits in every county, then the personal service will be the rare exception and the constructive service the rule—a result which is neither just nor reasonable. There is no legitimate reason for making corporations generally stand on any different footing from other persons. * * * In cases where men may suffer from personal damages from corporate negligence, there is some reason for exceptional regulations. But where their relations are generally contract relations, entered into voluntarily—inasmuch as every one has knowledge, or means of knowledge, of the residence of all private corporations, and therefore can always tell where a suit will lie—those who chose to make agreements do it with their eyes open, and can not complain if they are compelled to sue where the law has required."

The service authorized by our section 73, on a clerk or subordinate officer, is in the nature of substituted service, and is only permitted upon the theory that such clerk or subordinate agent is usually found at the place of business of the corporation, and it is a reasonable supposition that service so made will in due course actually reach the principal officers of the corporation. If the contention of defendant in error be sustained, it would mean that a clerk in the employ of any bank or other corporation in any city of the state, temporarily found in some other county transacting business for the corporation, however trivial the character of such employment might be, could be served with summons and the corporation compelled to go to such county to defend the suit. In that case it would only be necessary to have the officer make his return of process show that the chief officer of the corporation could not be found in his county, and that, therefore, he served the summons on the clerk. The statute contemplates no such absurdity. Section 73 must be taken as an entirety, and to permit the construction contended for would be to leave nugatory and of no force that portion of the section which provides for service by leaving a summons at the office or last usual place of business of such corporation. If this action had been brought in Hall county, the domicile of the company, where under the provisions of section 55 it might have been brought, service could have been made upon any one of the officers of the company, from president down to managing agent, providing the superiors of the officer upon whom service was made were absent from the county, and in the absence of all these officers, service could be made by leaving a copy of the summons at the office of the company.

Again, under the provisions of section 74, service might be made upon a corporation in any county where it had an agency, *i. e.,* a place of business, upon the chief officer of such agency.

It is contended that the secretary of the company being present in Douglas county transacting the business of the

corporation, the corporation was present in his person. We are unable to find merit in this contention. The corporation is an entity of which the secretary is no part. The board of directors, and, in fact, all of the officers, might be temporarily present in Douglas county, as the secretary was, but this would not change the domicile of the corporation. It is true, the corporation might have changed its domicile, and established its place of business in Douglas county, but no such change is claimed in this case. The business transactions of a corporation are usually kept in books, and records more or less voluminous and difficult to transport from place to place, and there is every reason why it could more conveniently defend a suit in the courts of its domicile; and to establish a rule such as contended for by defendant in error would result in grievous injustice. The theory upon which service is permitted to be made upon an individual in a county other than his residence is that the defendant is found in such county, and if his presence there is voluntary, and no process of court or fraud or deception has been employed to secure his presence there, service may be made upon him. The same principle might be applied to a corporation if its *corpus* was found in another county than that of its domicile. But an officer of a corporation, even though transacting business for the corporation, does not have the corporation present with him in his person. He acts only as an agent, with special powers delegated to him for the performance of certain acts, and although his acts, within the scope of his authority, are the acts of the corporation, he is not in any sense the corporation. Our attention has been called to the case of *Houston v. Filer & Stowell Co.,* 85 Fed. Rep., 757, and that of *Glaize v. So. Ca. R. Co.,* 1 Strob. [S. Car.], 70. An examination discloses that neither of these cases present facts at all similar to the case at bar, and neither is applicable on principle to the questions requiring determination in this case. From the authorities cited, and from what has been said, it is clear that neither the county nor district

court of Douglas county acquired jurisdiction over plaintiff in error by service of summons upon the secretary while temporarily in Douglas county. ·

Having reached a conclusion which disposes of the case, it will not be necessary to consider other questions presented. It is therefore recommended that the judgment of the district court be reversed and the action dismissed.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the action dismissed.

REVERSED.

NORVAL, C. J.

I dissent for the reasons stated in the following opinion of HASTINGS, C.:

Two questions are presented in this case: First, whether this action was prematurely brought; and, second, whether the county court of Douglas county had jurisdiction, and by consequence the district court on appeal. The first question would seem not difficult.

This is an action against an insurance company upon an accident policy which provides that no action shall be brought until ninety days after furnishing proofs of injury. Proofs were furnished on the 30th of September, and this action commenced on December 28, following. If ninety days were absolutely required between the filing of the proof and the institution of the action, evidently it was prematurely commenced, and should abate. Plaintiff in error quotes Judge Brewer, in *Cobb v. Insurance Co. of North America,* 11 Kan., 93, to the effect that this provision in a policy is a credit, and its expiration therefore marks the maturity of the cause of action. Our own court seems not to have so regarded it. Judge Mitchell, in *Hand v. National Live-Stock Ins. Co.,* 57 Minn., 519, 59 N. W. Rep., 538, declares this is not an extension of credit, but a privilege given for the purpose of examining proofs and investigating the loss which may be waived by the party, and the expiration of which is not strictly the "due day"

of the contract. This has been repeatedly held in Nebraska. *Omaha Fire Ins. Co. v. Dierks,* 43 Nebr., 473; *German Ins. & Savings Institution v. Kline,* 44 Nebr., 395; *Omaha Fire Ins. Co. v. Hildebrand,* 54 Nebr., 306.

On December 28, 1895, the plaintiff below, as assignees, were claiming through Cook, the injured party, $514; the company's secretary offered $440 or $450. The assignees were threatening to bring suit, and were distinctly told that no more would be offered. There is testimony that they were also told that the company recognized no liability, would pay this amount for a settlement, and if it was not satisfactory they might sue. The offer was not accepted, and suit commenced. After its commencement the offer was raised to $465, but was not accepted. The secretary says that he never denied the existence of some liability, but does not deny telling plaintiffs below that the offer would not be raised, and if not accepted they might sue. This seems to be a sufficient waiver of further time to consider the proofs.

In deciding as to the jurisdiction more difficulty has been found. The company was organized, and has its principal place of business in Grand Island, Nebraska. It does business throughout the state, in the way of taking travelers' accident insurance, but had no agency in Douglas county, and no resident agent there. Its secretary and manager was temporarily there at the time this summons was served, engaged in the attempt to settle this very claim, as to which the unsuccessful negotiations are stated above. Summons was served upon him, a special appearance was made in the county court, which was overruled. Lack of jurisdiction was set up in the answer in that court, and this defense found against, as well as the other one, that the action was prematurely brought. On appeal the same defenses were again set up, and again overruled by the district court, and this court is now asked to find that there was no jurisdiction over the defendant in Douglas county, and no authority to institute the action there. The writer of this opinion has not been

55

able to reach that conclusion. The subject of process and jurisdiction over domestic corporations is absolutely under the control of the legislature. *Railroad Co. v. Hecht,* 95 U. S., 168. General grants of jurisdiction not restricted in terms to natural persons are held to apply to artificial persons also. *Fresno Nat. Bank v. Superior Court,* 83 Cal., 491, 24 Pac. Rep., 157; *Van Dresser v. Oregon R. & N. Co.,* 48 Fed. Rep., 202; *Holgate v. Oregon P. R. Co.,* 16 Ore., 123, 17 Pac. Rep., 859. The statutes which have relation to this matter are section 55, of the Code of Civil Procedure, as follows: "An action other than the one of those mentioned in the first three sections of this title, against a corporation created by the laws of this state, may be brought in the county in which it is situated or has its principal office or place of business; but if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose"; section 60 of the Code of Civil Procedure, as follows: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned"; and section 73 of the Code, as follows: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office, or last usual place of business of such corporation." No complaint is made in this case that the officer served was not one of those mentioned in section 73. There could not well be raised such an objection, for an inspection of the by-laws shows that in the intervals of the meetings of the executive board of the company the secretary has the entire charge of its affairs; he is its managing officer. He was, at the moment this summons was served, negotiating with full power to settle this very claim. It seems clear, therefore, that section 60 of the Code, giving jurisdiction in any

county where defendant may be summoned, would apply to this case, unless section 55 is to be construed as limiting the provisions of section 60. That section 55 has no such effect, but is remedial, is indicated, first, by its phraseology, which uses the word "may" where sections 54 and 60 employ the word "must," and where section 51 has the phrase "shall be brought only in the county," etc.

It is further indicated by the repeated decisions of this court. In the case of *Insurance Co. of North America v. McLimans*, 28 Nebr., 653, service was made upon the local special agent of a foreign company in Madison county, upon a cause of action which had arisen in the state of Iowa. Sections 55 and 914 of the Code were cited to the point that the Madison county district court had no jurisdiction. The objection was overruled, and section 55 was declared to be remedial and not restrictive, and the jurisdiction complete. The case was reaffirmed in *Springfield Ins. Co. v. McLimans*, 28 Nebr., 848. In *Fremont Butter & Egg Co. v. Snyder*, 39 Nebr., 632, the contention that a corporation can only be sued where it has its principal place of business, and that "may" in section 55 means "must," is expressly overruled, and it is stated that section 55 was enacted for the benefit of creditors and persons having claims against domestic corporations. In *Council Bluffs Canning Co. v. Omaha Tinware Mfg. Co.*, 49 Nebr., 537, the assertion of jurisdiction on the part of the court is justified under section 59, and also under section 60, neither of which would apply in that case if section 55 is to be held restrictive. There seems no question that these cases all contemplated that section 55, instead of restricting the operation of section 60, operates for its enlargement, and that by consequence the same rule is applicable to corporations as to individuals, viz., that they are subject to an action in any county where they may be regularly and lawfully summoned. The same doctrine is upheld as to federal corporations under a federal law somewhat similar. *Van Dresser v. Oregon R. & N. Co.*, 48 Fed. Rep., 202.

We are cited to a large number of cases presenting rulings with regard to foreign corporations. It is evident that as to those a different rule must prevail from that relating to domestic ones. An officer of a foreign corporation, as such, in the absence of any express delegation of authority, would have no power beyond the jurisdiction of the laws creating his corporation, and providing for his office. But even this distinction would not prevail where the officer was traveling and present in the jurisdiction with express authority in reference to and for the purpose of dealing with the particular subject-matter of the action. *Council Bluffs Canning Co. v. Omaha Tinware & Mfg. Co.*, *supra; Houston v. Filer & Stowell Co.*, 85 Fed. Rep., 757. A municipal officer traveling beyond his municipality would come under a different rule. He is distinctly a territorial officer. His jurisdiction has territorial limits. He is not authorized unless specially empowered to do anything on behalf of his municipality outside of its own limits, and by consequence no service can be there had upon him in its behalf. *Pack, Woods & Co. v. Greenbush Township*, 62 Mich., 122. There was no such limitation on the powers of the secretary of this company. He was as much its secretary in Douglas county as in Hall county. He could by virtue of his office make any settlement or write any new policy there. He was in Douglas county transacting business of his principal with relation to this very claim. Section 73 of the Code seems to authorize service of summons upon him there, and if such service was authorized, then, under section 60, the institution of the action in Douglas county against this corporation should be held as proper as it would be against an individual who could be there summoned. Why should not corporations and other persons stand on this same footing? Works, Jurisdiction of Courts, pp. 319, 323.

It has been suggested that the provisions of section 60 apply only to "other" cases, and, therefore, not to cases against corporations which are previously mentioned in section 55. Aside from the express holdings above men-

tioned, that section 55 is not so restrictive of section 60, it would seem that a sufficient reference for the words "all other cases" can be found in the various sections absolutely fixing jurisdiction of various forms of action.

DAY, C., concurs.

NOTE.—Statutes in derogation of common law are to be *strictly* construed. *Handy v. Brong*, 4 Nebr., 60, 62, opinion by GANTT, J. Statutes in derogation of common law should *not* be strictly construed. *Buckmaster v. McElroy*, 20 Nebr., 557, 564, opinion by COBB, J.—REPORTER.

