H. H. SAWYER, Complainant, v. WILLIAM HUTCHINSON, as Judge of the Fourth Judicial District of Iowa, Respondent.

**Intoxicating liquors:** CONSENT OF PROPERTY OWNERS: DUTY OF DEALER. Where a dealer in intoxicating liquor has filed with the auditor the required consent of resident property owners, he is not thereafter required to file such consent on each occasion when appearing to pay his quarterly installment of the mulct tax, or to see and know that the consent is still on file; but having once complied with the law in this respect his duty is discharged until such consent has in some manner been withdrawn, or until the expiration of the tax year for which the consent was given.

**Same:** CONSENT OF NONRESIDENT PROPERTY OWNERS. It is only resident freeholders of the county owning property within the fifty-foot limit whose consent is required to the establishment of a mulct saloon; and a corporation organized and doing business in another county is not a resident freeholder whose consent must be obtained.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

WEDNESDAY, OCTOBER 26, 1910.

CERTIORARI proceedings to review the order and judgment of the district court of Woodbury County in dismissing a charge of contempt against one O. T. Burtness for alleged violation of the terms of a liquor injunction.—*Dismissed.*

*John F. Joseph,* for complainant.

*Harding, Nickle & Kendig,* for respondent.

PER CURIAM.—O. T. Burtness having been enjoined

from carrying on the unlawful sale of intoxicating liquors, he thereafter became the proprietor of a saloon in which he kept and sold intoxicants, claiming to have conformed to the conditions of the mulct statute, and that his acts in that respect were therefore not in violation of law or of the terms of the decree by which he had been enjoined. It is stipulated by counsel that Burtness had in fact complied with the provisions of the mulct law, and was therefore entitled to its protection unless it be as to the sufficiency of the consent of resident owners of property within fifty feet of the saloon building.

1.   It appears that one M. L. Kennedy owned a lot within the prescribed limit, and at the time of the trial the written consent of that person could not be found in the auditor's office. It is shown, however,

1. INTOXICATING LIQUORS: consent of property owners: duty of dealer.

without dispute, that at the time Burtness commenced business he obtained Kennedy's written consent and filed it with or delivered it to the county auditor. It is not claimed that it was ever withdrawn. It is the contention of plaintiff that it is not enough for the liquor dealer to obtain and file such consent at the opening of his business or at the beginning of the year, but that at each time he appears for the purpose of paying a quarterly installment of the mulct tax he must see to it that the written consent is still on file, and, if not, he must procure a new one. We do not so read the statute. The paper once delivered into the official custody of the auditor, we think the dealer has filled the requirement of the law, and he is under no obligation to do more in this respect until the consent has in some manner been withdrawn, or until the expiration of the tax year for which the consent was given. Such appears to be the logical effect of the holding in *Kane v. Grady*, 123 Iowa, 260. While this particular proposition was not there discussed, it was to a certain degree involved. If the consent is on file at the beginning of the tax year,

the fact that the dealer elects to pay the tax in quarterly installments does not, in the absence of some express provision to that effect, require him to see that the consent is also renewed or refiled at the opening of each successive quarter.

II.   It further appears that within the fifty-foot limit is another lot owned by a corporation organized and doing business in Polk County, and no consent was ever obtained from this corporation, or filed with the auditor.  We consider it very clear that said corporation was not a resident freeholder in Sioux City within the meaning of the law.

2. SAME: con-
. sent of non-
resident
property
owners.

Were the owner a natural person residing and doing business in Polk County, his consent would not be necessary. *State v. Greenway,* 92 Iowa, 472.   The immediate residence of a corporation is where it is organized and carries on its principal business, and the fact that it may own property in other counties can have no effect to give it the character of a resident in each jurisdiction.   Whether, if the corporation were in the actual and not merely constructive occupancy of the property, a different rule would obtain, we need not consider, for no showing of that kind appears in the record.

We find no reason for holding that the district court exceeded its jurisdiction or otherwise acted illegally in ordering the dismissal of the contempt proceedings, and the writ of certiorari is therefore *dismissed.*