STATE ex rel. NORTHWESTERN LAND & COLONIZATION COMPANY,
Petitioner, v. DISTRICT COURT OF WINNEBAGO COUNTY
et al., Respondents.

**VENUE:** Domicile or Residence—Legal Residence of Corporation. The
legal residence of a domestic corporation for pecuniary profit is at
its principal place of business, as designated in its articles of incor-
poration, and the corporation may be sued in such county, irrespec-
tive of the residence of its officers and of the location of its official
records and property.

*Certiorari to Winnebago District Court.*—M. F. EDWARDS, Judge.

APRIL 5, 1921.

ORIGINAL petition to this court for a writ of certiorari to
review the action of the district court of Iowa in and for Winne-
bago County, Hon. M. F. Edwards, Judge, in overruling the
motion of the relator for change of venue to Polk County.—
*Petition dismissed.*

*Henry & Henry,* for petitioner.

*Tom Boynton,* for respondents.

DE GRAFF, J.—One John J. Carleton filed a petition in
equity against the petitioner and relator, in the district court
of Iowa in and for Winnebago County, praying for the appoint-
ment of a receiver, to take charge of the unfinished business of
the relator corporation and end its corporate existence. Service
of the original notice was had upon its vice-president, E. C.
West, in Polk County, Iowa, his place of residence. Thereafter,
relator filed its motion for change of place of trial to Polk
County, Iowa, and as grounds therefor, stated:

"That the defendant corporation has no office in Winnebago
County, and no officer of the defendant corporation lives in
Winnebago County, and no property of the defendant corpora-
tion is situated in Winnebago County; that the said corporation

has no president, and that the vice-president of said corporation lives in Polk County, Iowa, where the secretary and treasurer of the corporation reside; that all of the books and papers of said corporation are in Polk County, Iowa; that said defendant has had no office in Winnebago County since early in January, 1918; that all the officers of said corporation, since January 1, 1918, and for many years prior thereto, have resided in the city of Des Moines, Iowa; that the place of business of said corporation, as defined in its articles, Forest City, Iowa, has been practically and actually abandoned during all of said time."

The motion was overruled, and a writ of certiorari to review said ruling was procured on an order signed by a justice of this court.

The issue is: *Did the district court of Winnebago County, Hon. M. F. Edwards, Judge, err in overruling the motion of the relator to change the place of trial to Polk County, Iowa?*

The motion is, in effect, a plea to the jurisdiction, and the exception taken to the ruling thereon presents to this court a case of novel impression.

Section 3501 of the Code provides that personal actions, with certain exceptions, must be brought in a county in which some of the defendants actually reside. Section 3500 provides:

"When a corporation, company or individual has an office or agency in any county for the transaction of business, any actions growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."

The venue of actions against certain kinds of corporations, like railway, telegraph, insurance, and others specially enumerated, is prescribed in Code Sections 3497 and 3499; but the relator company is not within the purview of these provisions.

Statutory provisions prescribing the manner of service, and upon whom the notice or summons may be served in actions against corporations, are not controlling as to the venue of such actions. Code Sections 3529 to 3532 inclusive.

Service and venue must be distinguished. Jurisdictional provisions of statutes as to venue of actions against corporations are a part of their franchises, and we must respect the fair and reasonable intendment of the legislature in such matters. The

venue of an action is frequently optional with the plaintiff. He may sue in a county where an agency or office is created, or in the county of the principal place of business of the corporation. *Dean v. White & Haight*, 5 Iowa 266. Such provisions are permissive, and not mandatory.

A statute that provides the manner of service on a corporation does not require the action to be brought against the corporation where its officers or agents reside. *Baldwin v. Mississippi & M. R. Co.*, 5 Iowa 518.

Plaintiff Carleton, in the original action against relator, instituted his suit in Winnebago County, where its principal place of business was defined by its charter. Is he compelled to have his cause tried in another county, voluntarily selected by relator corporation as its residence, but without a compliance with statutory provisions in relation thereto?

The presumption exists that the officers and offices of a corporation are to be found at its principal place of business, as defined by its recorded articles. At common law, corporations were created to exist in some particular place. They were not permitted to have two domiciles. *Western Travelers' Acc. Assn. v. Taylor*, 62 Neb. 783 (87 N. W. 950).

The general law of incorporation of this state requires that the corporate articles filed shall fix and designate its principal place of business, which must be in the state, and, if outside the limits of a city or town, its post-office address must be given. The published notice must contain the name of the corporation and its principal place of business. Its annual reports must recite the names and post-office addresses of its officers and directors, and whether any change of place of business has been made during the year. A change in its name or its principal place of business may be made by amendment to its articles at any annual meeting of its stockholders or special meeting called for that purpose, and such amendments are valid only when recorded, approved, and published as the original articles are required to be. Sections 1612, 1613, 1614-c, and 1615, Supplement to the Code, 1913. The legislative intent is clear that every corporation organized in this state shall have both a habitation and a name. The residence of a corporation, so far as it has a residence, may be considered as the place where it is

organized and its business is done or its franchises are exercised. *Sawyer v. Hutchinson*, 149 Iowa 39; *Mullen v. Northern Acc. Ins. Co.*, 26 S. D. 402 (128 N. W. 483). A corporation cannot acquire a *de facto* residence for the purpose of venue, as in the instant case. It cannot confer jurisdiction or create venue. This is a legislative power.

A corporation is not ambulatory. It is sometimes called an artificial person. This is a figure of speech; not the language of the statute. The word "person" may be extended to bodies corporate (Code Section 48, Paragraph 13), but corporations are not always considered as persons. *Stewart v. Waterloo Turn Verein*, 71 Iowa 226. A corporation, unlike a natural person, has a statutory legal domicile in the state and county of its creation, which may not be changed at will, but only as authorized by statute. It is not migratory. It is a legal entity, and as such, its existence, its name, and its residence are born of the law. It can act only through its officers and agents, and through them alone may any business be done by or with the corporation; but its officers, agents, directors, and stockholders, viewed collectively or otherwise, are not the corporation. This suggests a reason why this creature of the law must have a residence or domicile fixed and designated, since the residence of its officers, agents, or stockholders does not determine the residence of the corporation. Domestic corporations, being entities created by the law, can only be sued and jurisdiction obtained over them in the manner provided by statute.

If our statute were silent in the matter, it would not be essential for a corporation, upon its organization, to designate its principal place of business, or that it should have an office or place of business. Such provisions are written into the statute in order to secure service of process, determine venue, and for the purpose of general jurisdiction and taxation. 14 Corpus Juris, Sections 416 to 420.

We conclude, therefore, that, under our statutes, a domestic corporation of the class to which the relator belongs may be sued: (1) In the county where its principal place of business is fixed by its articles of incorporation or amendments thereto; or (2) in a county where it maintains an office or agency for the transaction of business, and the subject-matter of the action

grows out of or is connected with the business of that office or agency.

Plaintiff Carleton elected to sue the relator in the county of its declared and recorded residence. This is a proper venue. Wherefore, the writ is annulled, and the petition—*Dismissed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.