| 96 | 109 |
| 144 | 249 |

THE MICHIGAN DAIRY COMPANY v. ALLICK G. RUNNELS.

*Domestic corporations—Attachment.*

1. A writ of attachment may issue against a domestic corporation, in the county where its home office is located, in favor of a creditor who resides in that county, in the like cases as in suits between individuals.

2. Prior to the passage of Act No. 242, Laws of 1887, no substituted service of process could be made upon a domestic corporation in any county other than that in which its home office was located; citing *Insurance Co. v. Circuit Judge*, 23 Mich. 492.

3. How. Stat. § 8137, as amended by Act No. 242, Laws of 1887, gives a remedy by attachment against domestic corporations, other than railroad and navigation companies, in all cases where the plaintiff resides in a county other than that in which the home office is located, in case property can be found liable to attachment therein.

4. The true construction of How. Stat. § 7987, which provides, as one of the grounds for an attachment, that the defendant is a foreign corporation, is that while, as against foreign corporations, that fact alone is sufficient to authorize the issuance of

the writ, some other of the statutory grounds must be set out in the affidavit in the case of a domestic corporation.

Error to Newaygo.   (Palmer, J.)   Argued April 14, 1893. Decided June 16, 1893.

Trover.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*E. L. Gray*, for appellant.
*M. W. Underwood*, for plaintiff.

MONTGOMERY, J.   The plaintiff sued defendant in trover for the conversion of certain personal property.   The defendant sought to justify the taking under a writ of attachment issued out of the circuit court for the county of Newaygo at the suit of Albert Keith, a resident of Newaygo county, and against the present plaintiff, a corporation having its home office in Newaygo county. This proof was excluded by the circuit judge, and judgment passed for the plaintiff.   The sole question presented by the record is, therefore, whether a writ of attachment may issue against a domestic corporation, in the county of its location, in favor of one also a resident of the county, in like cases as in suits between individuals.

The plaintiff relies upon section 8137, 3 How. Stat., which reads:

"Suits against corporations may be commenced by writs of summons or by declaration, in the same manner that personal actions may be commenced against individuals, and such writ, or a copy of such declaration, in any suit against a corporation, shall be served on the presiding officer, cashier, secretary, or treasurer, or any other officer or agent of such corporation, or by leaving the same at the banking house or office of such corporation, and may be served in any county in the State where the plaintiff resides: *Provided,* that in any county of the State where said plaintiff may reside, other than the one wherein the principal office of such corporation may be located, a writ

of attachment may be the first process against such corporation, which shall be served in the same manner as other writs of attachment issuing out of the court wherein suit is commenced; and, upon the return of such service being made, such corporation shall be deemed to be in court, and the like proceedings, as near as may be, shall be thereupon had as in cases of suits against individuals. All acts or parts of acts inconsistent herewith are hereby repealed: *Provided, further,* that the attachment proceedings, as herein provided for, shall not apply to railroad companies or corporations whose right of way, or any part of the same, is within the boundaries of the State of Michigan, nor to navigation companies or corporations."

The contention is that this section prescribes the kind of process which may issue against corporations, and excludes attachment, except in the cases specified. The circuit judge so ruled.

We do not deem this the correct construction of this statute. In construing a statute it is important to consider the law as it existed prior to the enactment, and particularly the mischief sought to be remedied by legislation. Under the law as it existed prior to this enactment, no substituted service could be made upon Michigan corporations in any county other than that in which the home office was situated. *Detroit Fire & Marine Ins. Co. v. Circuit Judge,* 23 Mich. 492. By the amendment to section 8137, adopted in 1887, a remedy by attachment was given against domestic corporations, other than railroad and navigation companies, in all cases in which the plaintiff resided in a county other than the home county of the corporation, and in case attachment of property could be had. It cannot be doubted, we think, that this was intended to extend, rather than to restrict, remedies against such corporations. Prior to the amendment of 1887, section 8137 contained the same provisions as to the commencement of suits against corporations, excepting the

proviso relating to attachments.   Section 7986 provided as follows:

" Any creditor shall be entitled to proceed by attachment against his debtor in the circuit court of the county in which the creditor or the debtor (or, in case of joint debtors, either of them) shall reside, if the debtor have property subject to attachment in said county," etc.

Section 7987 provides for an affidavit, which shall set out the cause for issuing the attachment, and, among others, provides that one sufficient cause shall be that the defendant is a foreign corporation.   This reference to foreign corporations does not exclude the remedy against domestic corporations.   The true construction, we think, is that while, as against foreign corporations, that fact alone is sufficient to authorize the writ, in a suit against a domestic corporation some other ground in the statute specified shall be set out.   Certainly, a domestic corporation may be a *debtor*, and such corporations may, acting in the only manner that corporations may act,—by its agents,—fraudulently transfer its property.   The terms of the general statute are broad enough, therefore, to include domestic corporations; and such, we are convinced, has been the interpretation placed upon this statute at the circuit for many years.   The provision of section 8137 for attachment in counties other than the home office of the corporation is an enlargement of the remedy, and does not operate to repeal, by implication, section 7986.

It follows that, the judgment must be reversed, and a new trial had.

HOOKER, C. J., McGRATH and LONG, JJ., concurrred. GRANT, J., did not sit.