GREACEN v. BUCKLEY & DOUGLAS LUMBER CO.

1. ATTACHMENT—CORPORATIONS—VENUE.

   It is the policy of the law to require all suits to be brought in the county where either plaintiff or defendant resides.

2. SAME—STATUTES.

   Under 3 Comp. Laws, § 10468, an attachment may issue in a county where the plaintiff resides against a corporation defendant which has its principal place of business in a different county, upon an affidavit showing such facts, though it does not show any of the usual grounds for attachment as required by 3 Comp. Laws, §§ 10555, 10556.

3. SAME—STATUTES.

   Although provisos in statutes are usually intended to limit or qualify what precedes them, the proviso added to the act which prescribes the manner of service of writs upon corporations, by Act No. 242, Pub. Acts 1887, providing that "in any county of the State where said plaintiff may reside other than the one wherein the principal office of such corporation may be located, a writ of attachment may be the first process against such corporation," etc., extends rather than restricts previously existing remedies against corporations.

Certiorari to Kalkaska; Lamb, J. Submitted November 7, 1911. (Docket No. 59.) Decided December 8, 1911.

Attachment by James Greacen against the Buckley & Douglas Lumber Company. Defendant moved to dissolve the writ for alleged insufficiency of plaintiff's affidavit. An order denying said motion is reviewed by defendant on writ of certiorari. Affirmed.

*Wilson, Wilson & Rice,* for appellant.

*Ernest C. Smith,* for appellee.

OSTRANDER, C. J. The suit was begun in the circuit court by attachment, the affidavit for the writ was made

by the plaintiff, and the only reason for issuing the writ stated therein is that the defendant is a Michigan corporation with principal offices located in the county of Manistee, in this State, and the plaintiff is a resident of the county of Kalkaska. Real property of defendant situated in Kalkaska was levied upon by the sheriff and appraised. Defendant appeared specially, and moved to quash the writ and dissolve the attachment, because no sufficient ground for issuing the writ was stated in the affidavit therefor. The motion was denied.

The question is whether 3 Comp. Laws, § 10468, authorizes a proceeding in attachment against a domestic corporation, debtor, when and for the sole reason that the plaintiff, creditor, resides in a county other than the one where the debtor's principal office is located. It has not before been presented in this court. It was contended in *Michigan Dairy Co.* v. *Runnels*, 96 Mich. 109 (55 N. W. 617), that the statute as amended had the effect of denying the remedy, as against domestic corporations, except in the cases specified in the statute. The contention was not sustained. The section of the statute in question appears as section 3 in chapter 116 of the Revised Statutes of 1846, reading:

"Suits against corporations may be commenced by original writ of summons, or by declaration, in the same manner that personal actions may be commenced against individuals, and such writ, or a copy of such declaration, in any suit against a corporation may be served on the presiding officer, the cashier, the secretary, or the treasurer thereof; or if there be no such officer, or none can be found, such service may be made on such other officer or member of such corporation, or in such other manner, as the court in which the suit is brought may direct."

It was amended in 1887 (Act No. 242, Pub. Acts 1887), so as to read as follows:

"Suits against corporations may be commenced by writs of summons or by declaration, in the same manner that personal actions may be commenced against individuals, and such writ or a copy of such declaration in any

suit against a corporation shall be served on the presiding officer, cashier, secretary, or treasurer, or any other officer or agent of such corporation, or by leaving the same at the banking house or office of such corporation, and may be served in any county of the State where the plaintiff resides: *Provided,* that in any county of the State where said plaintiff may reside, other than the one wherein the principal office of such corporation may be located, a writ of attachment may be the first process against such corporation, which shall be served in the same manner as other writs of attachment issuing out of the court wherein suit is commenced, and upon the return of such service being made such corporation shall be deemed to be in court, and the like proceedings, as near as may be, shall be thereupon had as in cases of suits against individuals. All acts or parts of acts inconsistent herewith are hereby repealed: *Provided, further,* that the attachment proceedings as herein provided for shall not apply to railroad companies or corporations whose right of way, or any part of the same, is within the boundaries of the State of Michigan, nor to navigation companies or corporations."

The general policy of our laws requires all suits to be brought in the county where one or other of the parties resides. Domestic corporations, like individuals, have a location or residence in some county of the State. Some of the statutes which provide for the organization of domestic corporations provide also for the manner in which process of the courts shall be served upon them, and in that respect must be followed. *Dewey* v. *Manufacturing Co.,* 42 Mich. 399 (4 N. W. 179). And, while appearance may waive the failure to serve process in the manner pointed out by the statute (*Thompson* v. *Benefit Association,* 52 Mich. 522 [18 N. W 247]), seasonable objection to the jurisdiction would require the suit to be dismissed (*Detroit, etc., Ins. Co.* v. *Saginaw Circuit Judge,* 23 Mich. 492).

It appears in the petition for the writ of certiorari that defendant corporation is doing business under the provisions of Act No. 232, Pub. Acts 1903; that the location of its office for the transaction of its business is at the city of Manistee, in the county of Manistee; and that it has no

office in the county of Kalkaska. By section 20 of the
act under which it is incorporated it is provided that while
such corporations may lawfully establish an office or
offices without this State in the United States, and may
hold stockholders' and directors' meetings thereat, it shall
always have one business office in this State, and that
service of any notice or process may be made upon the
agent in charge of such office which shall be binding upon
such corporation. By section 13 of the act, every corpo-
ration existing thereunder may sue and be sued in any
court of law or equity, with the same rights and obliga-
tions as a natural person.

The statute involved here (section 10468) is general in its
terms and operation, applying in all cases except in those
where a special and exclusive method of service of process
is provided for. It will be perceived that, until the pro-
viso is reached, the amendment clearly relates only to the
method of service of process, and is evidence of a legis-
lative intention to place domestic corporations more nearly
upon a footing with individuals in respect to obtaining
jurisdiction over them in counties other than those in
which they are located.

Provisos in statutes are supposed to be intended to limit,
or qualify, what precedes them. This proviso, if our ex-
amination of the statutes has been exhaustive, contains
the only express provision of the law for the issuing of
writs of attachment, out of courts of record, in suits
against domestic corporations. In practice, attachments
had been issued against domestic corporations under the
general statute. 3 Comp. Laws, §§ 10555, 10556. That
statute permits attachments against debtors to be sued
out in plaintiff's county or in defendant's county, if the
debtor has property subject to attachment in the county,
and section 10560 requires execution of the writ to be
completed by service upon the defendant in the county in
which the property is seized if to be found there, and if
not so found, then in any county. According to the pro-
viso, writs of attachment against domestic corporations

"shall be served in the same manner as other writs of attachment issuing out of the court wherein suit is commenced. * * *" We must remain in some doubt concerning the real purpose which this proviso was intended to serve. Assuming that the purpose of the whole amendment was in harmony with the evident purpose of the section as it stood before amendment, namely, to provide for the maintenance of suits against domestic corporations in counties other than the counties of their residence, this purpose is served without construing the provision as one stating a ground for attachment not contained in the general statute governing such actions. This is true if we treat the first proviso as declaratory merely of the right to attach the property of domestic corporations, a right which the second proviso denies as against certain corporations. But the assumption itself is not well supported by the language of the provisos. The language is not apt to limit or qualify that which precedes it. According to the practice prevailing at the time, the creditor of a domestic corporation, residing in a county other than the one in which his debtor resided, needed no new legislative sanction for proceeding by attachment in his own county if the debtor had property there subject to attachment. And, unless some privilege arising from the fact of residence was to be given to the creditor, no good reason can be assigned for mentioning plaintiffs residing in a county "other than the one wherein the principal office of such corporation may be located." It was said in *Michigan Dairy Co.* v. *Runnels, supra,* referring to this proviso:

"It cannot be doubted, we think, that this was intended to extend, rather than to restrict, remedies against such corporations."

And again:

"The provision * * * for attachment in counties other than the home office of the corporation is an enlargement of the remedy. * * *"

No enlargement of the remedy was accomplished unless

the fact of residence in and of itself gave the right to the writ. The language employed best sustains this idea of the legislative purpose. We feel obliged to hold that the affidavit for the writ in the case at bar was sufficient in law. It will be so certified to the trial court.

STEERE, MOORE, BROOKE, and STONE, JJ., concurred.