The People on the relation of the Detroit Fire and Marine Insurance Company v. The Judge of the Saginaw Circuit Court.

*Service of process on domestic corporation.* A corporation created by, and located in, this state can be sued only in the county where it is located, unless service of process is made personally on some one of the officers indicated by law as the proper persons to represent it for that purpose. There can be no substituted service (under *Comp. L.*, § *4836*) for want of finding such officers, except in the home county.

*Heard October 14. Decided October 17.*

Application for *mandamus.*
The facts are fully set forth in the opinion.

*Moore & Griffin,* for the relator.

*W. S. Tenant,* for the respondent.

CAMPBELL, CH. J.

The circuit judge for Saginaw county, upon affidavit of W. S. Tenant, attorney for John Dietrich, that the relator had no presiding officer, cashier, secretary or treasurer *within the limits of that county,* directed service of process to be made upon one Edward P. Allen, an agent of the

DETROIT. FIRE AND MARINE INS. CO. v. THE JUDGE OF THE SAGINAW CIRCUIT.

company in that county. Application is made for a *mandamus* to compel the order to be vacated. The relator is a Michigan company, having its business office in Detroit, where the officers reside.

The power in controversy is claimed to result from § *4835 of the Compiled Laws,* which provides that suits may be brought against corporations in the same manner as against individuals, and that process may be served "on the presiding officer, the cashier, the secretary or the treasurer thereof; or *if there be no such officer, or none can be found,* such service may be made on such other officer or member of such corporation, or in such other manner, as the court in which the suit is brought may direct."

The point to be decided is whether a corporation may be sued in any county whatever, and substituted service be had against it if its officers are not found there, or whether such substituted service is only lawful when the officers are not to be found within the county where the corporation is in law located. Whether service may lawfully be made elsewhere on one of the officers is a question not now before us, and there is no occasion to consider it.

We think that upon a consideration of this statute, in the light of the general policy of the law, the substituted service can only be made in that county where the corporation is required or expected to have those persons present who have the immediate supervision of its general office business, and where some one may fairly be supposable to be ready at all times to respond for it.

Our statutes require all suits (except some resting on peculiar grounds) to be brought where one or the other of the parties resides.—*Comp. L.,* § *4344.* And constructive service of process is never favored where actual service is possible. It is familiar doctrine that a private corporation

o

must be held to reside in the town where its principal office is, as a local inhabitant.—*Ang. & A., on Corp.,* § *107, and cases cited.* The distinction between the office for the transaction of its business, and the places where more or less of its dealings may be carried on, has been recognized in several instances in our own laws and decisions, as well as in the decisions elsewhere, and the rule has been somewhat rigidly enforced, that the corporation residence cannot be shifted without permission, and is essential. In *Attorney General v. Oakland County Bank, Walk. Ch. R., 90,* the chancellor treated the opening of a banking office, at a place not authorized by charter, as ground for an injunction; and on an information against the same corporation, for the same cause, the supreme court held it to be a clear violation of charter and punishable.—*People v. Oakland Co. Bk., 1 Doug., Mich., R., 282.* The same rule was recognized in *Underwood v. Waldron, 12 Mich. R., 73.* And in *Van Etten v. Eaton, 19 Mich. R., 187,* the distinction between the place where the office of the company is located is very carefully distinguished from the other localities where company business may happen to be done.

In every instance where there has been distinct legislation on this subject, it is manifest that when service of process is intended to be allowed anywhere but in the home county, there have been special reasons for making such cases exceptional, and those reasons are very manifest. The general policy is not doubtful. And a comparison of a few of these statutory provisions will be instructive. For it will be found that, if the section before us will bear the construction claimed for it by the respondent, most of the other special legislation is quite unnecessary, and much less effective than this section, which covers the same ground.

The very next section (§ *4836*), providing for service

against corporations which have *ceased to do business or to
keep up their organization by the appointment of officers or
otherwise,* confines the service of process to such persons as
may have been the last *presiding officer, president, cashier,
secretary or treasurer;* making no provision at all for agents
or members not in office, although the necessity of reaching
such a corporation may often be as great as that of suing
a company that continues in business.    In justices' courts
process must be served on one of the officers, or *by leaving
it at the office.*

In the case of corporations having roadways, some special
provisions have been adopted.    By. § *4846, Comp. L.,* it is
provided that service may be made on railroad. companies
by serving papers on conductors of trains and weigh-masters
at stations.    And in certain actions for damages against
turnpike or other corporations receiving tolls for passage or
transportation, suit may be brought " *in any county in
which either the creditor, or the president, or any director,
or the treasurer or clerk of the corporation may reside, or
in which such corporation has personal or real estate.*" Here
again we have provisions evidently intended to enlarge the
remedy, yet falling far short of the effect claimed by respond-
ent for the section in dispute.

There have been many general laws passed for the
organization of corporations, and in some of them much
care has been taken to secure means for bringing companies
before the courts,—especially where many of the persons
interested are likely to be non-residents.    The mining and
manufacturing companies are of this kind.    In their articles
of association these, like all other corporations, are required
to have offices in this state, which it is contemplated may
be in different counties from those where their mining or
manufacturing may be carried on.—*Comp. L.,* § *1803.*    By

DETROIT FIRE AND MARINE INS. CO. *v.* THE JUDGE OF THE
SAGINAW CIRCUIT.

§ *1809* sales of forfeited stock belonging to residents were required to be made at one office, when other sales might be at another. By § *1820* legal process might be served on the *president, secretary or agent,* or if neither of these can be found *in the county where, by the articles of association, they are to do business,* service could be made by posting *in the business office in that county.* The amendatory act of 1855, which allowed the principal business office to be located beyond the state, required an office also within the state.—§ *1825.* And the act of the same session, extending the same privilege to chartered companies, is more precise, inasmuch as it requires an office in this state, "and that service of any notice or process may be made *upon the agent in charge of such office."* See also §§ *1712, 1779, 1820, 1861, 1914, 2060, 2083,* for provisions bearing strongly on the policy of the statutes. It is also worthy of remark that the provision made in the compiled laws, concerning service of process on foreign insurance companies, only required them to have one agent in the state, authorized to accept service of process.—§ *4843.*

No one can read § *4835* without seeing that the clause allowing substituted service is only put in to prevent a failure of justice from an inability to find the officers named. This would clearly indicate that they might fairly be expected to be found. But if those officers are to be engaged in looking honestly after their official duties, the presumption must always be that in every county but one they will not be found, and if this section will allow suits in every county, then the personal service will be the rare exception and the constructive service the rule,—a result which is neither just nor reasonable. There is no legitimate reason for making corporations generally stand on any different footing from other persons; and where peculiar reasons exist, for a differ-

ent course, they have usually led to special legislation, which in no case goes beyond the construction claimed for this section,—and which would be useless if that construction prevails. In cases where men may suffer from personal damages from corporate negligence, there is some reason for exceptional regulations. But where their relations are generally contract relations, entered into voluntarily,—inasmuch as every one has knowledge, or means of knowledge, of the residence of all private corporations, and therefore can always tell where a suit will lie,—those who choose to make agreements do it with their eyes open, and cannot complain if they are compelled to sue where the law has required.

The circuit court for Saginaw county could not get jurisdiction over a corporation not located there, by the proceeding which was adopted in the case before us. The order was unauthorized, and a *mandamus* must be allowed to vacate it, with costs against the plaintiff in the action.

The other Justices concurred.