REED *v.* BIRD.

1. VENUE — SUIT FOR PARTNERSHIP ACCOUNTING — LOCATION OF LAND INVOLVED NOT CONTROLLING VENUE.

Under 3 Comp. Laws 1915, § 12340, subd. 12, a suit for a partnership accounting, although it incidentally involves the disposition of a parcel of land, should be commenced in the county in which the parties reside rather than in the county where the land is located; the action not being a local one, the location of the land does not control the venue.

2. PARTNERSHIP—ACCOUNTING—REALTY TO BE TREATED AS PERSONALTY—LOCATION NOT CONTROLLING VENUE.

In a suit for a partnership accounting, the chancery court has authority to go into a full and complete investigation of the partnership affairs, treat the real estate as personal property, and order its sale or make such other disposition of it as may be necessary to effect the accounting, although it may be located in another county.

Appeal from Oakland; Covert (Frank L.), J.    Submitted April 29, 1927.    (Docket No. 124.)    Decided June 6, 1927.    Rehearing denied July 29, 1927.

Bill by Elwood M. Reed against Lillian Bird and another for an accounting.    From a decree for plaintiff, defendants appeal.    Reversed, and bill dismissed.

*Campbell, Dewey, Stanton & Bushnell* (*Arthur F. Neef*, of counsel), for plaintiff.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn*, of counsel), for defendants.

SNOW, J.    The plaintiff and Donald Thomson were copartners in the real estate business in Detroit.    De-

[1]Partnership, 30 Cyc. p. 717; [2]Id., 30 Cyc. pp. 738, 745.

cember 23, 1916, Mr. Thomson died. At this time the principal assets of the company consisted of a selling contract with the Dexter Park Land Company, under which certain commissions were payable monthly, and an equity in three parcels of land, designated as the Grinkey, Apel, and Candler pieces. As time passed the interest in the Candler piece was lost and abandoned, the Apel piece sold, and the Grinkey piece, after many years, to wit, March 2, 1925, finally deeded to Thomson's widow, Katherine, one of the defendants herein.

All of the parties to this suit reside in Wayne county, while the Grinkey land is in Oakland. Plaintiff, in March, 1925, filed his bill of complaint in the latter county, claiming his right to do so because the land was situated there. Defendants insist the action should have been launched in Wayne.

The sole question presented on this appeal is one of jurisdiction, dependent upon whether or not the subject-matter of the suit is local. It is the claim of plaintiff that the pleadings show the main purpose of his action is to have impressed upon the Grinkey property a trust in his favor to the extent of his interest therein, while the defendants claim the bill is nothing more nor less than one for an accounting and should have been filed in the circuit where all of the parties reside.

The bill of complaint alleges the partnership, its interests when Mr. Thomson died, the amounts invested in the various partnership properties, and the agreement that defendants Katherine Thomson and her daughter, Lillian Bird, were to hold all evidences of title, and manage, collect, and make payments upon the contracts. It alleges that plaintiff has faithfully accounted to the estate of his deceased partner in all things, but that defendants used partnership funds

to assist Mrs. Thomson in paying for and acquiring the title to the Grinkey land.

The prayer for relief is in part as follows:

"(b) That the defendants may come to an accounting with plaintiff touching any and all moneys by them collected or received, as well as all sums disbursed on account of said partnership, plaintiff hereby offering to come to an accounting with the defendants on account of all moneys by him collected and disbursed on account of said partnership.

"(c) That this court may ascertain the amount of moneys collected by defendants, or either of them, on account of said partnership, as well as all sums rightfully disbursed by them or either of them in the premises, and may enter a decree requiring said defendants to pay over to plaintiff one-half of any excess in the hands of said defendants, or either of them.

"(d) That said Katherine Thomson may be restrained and enjoined from selling, transferring or incumbering the northwest ¼ of the northeast ¼ of section 25, town 1 north, range 11 east, Royal Oak township, Oakland county, Michigan, or any interest therein.

"(e) That plaintiff may be decreed to be the owner of an undivided one-half interest in and to said last mentioned parcel of land, and that if on an accounting it appears that defendants, or either of them, have advanced any sum for the purchase price of said lands, interest or taxes thereon over and above the sums which have come into their hands for or on account of said partnership, the court may determine what sum if any in equity ought to be paid by plaintiff for his undivided one-half interest therein and may fix a reasonable time within which plaintiff may cause said sum to be paid to the clerk of this court, in full extinguishment of his obligation in the premises."

Section 12340, subd. 12, 3 Comp. Laws 1915, provides:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local, and if it is not local, in the county where one of the parties

in interest resides, if either is a resident of the State; but if the subject-matter is not local, and neither party resides in the State, the suit may be brought in any county."   *   *   *

If the action therefore is one for an accounting, the Oakland circuit was without jurisdiction and the bill should have been dismissed.   We are convinced from the record that this is the fact, and that disposition of the Oakland county land is simply incidental to the main issue.   The bill is founded on the partnership relations between plaintiff and his deceased associate. Plaintiff offers to account for any moneys he may have to which the estate of his partner is entitled, and prays that it in turn pay whatever belongs to him.   Such request is clearly for an accounting.   True he prays to be decreed "to be the owner of an undivided one-half interest in and to said land."   But this, as stated, is incidental to the main relief asked, to wit, to have all parties account, one to the other. His interest in the land could have been protected in a suit for an accounting in Wayne county, as well as in Oakland county.   *Godfrey* v. *White,* 43 Mich. 171, 178; *Dunlap* v. *Byers,* 110 Mich. 109.   There is nothing, in fact, sought by plaintiff which the Wayne county circuit could not have granted him.   It had authority to go into a full and complete investigation of the partnership affairs, treat the real estate as personal property, order its sale, or make such other disposition of it as might be necessary to effect the accounting.   Plaintiff was entitled to nothing more.   If the nine years that had elapsed after the death of his partner, without action on his part, barred his right to relief, he had no one to blame but himself.   It is not difficult to gather from the record that during his years of inaction he had but little thought of what his old partner's family was doing with this particular piece of land, and that it became attractive to him only

after there had come a most unusual increase in its value.

We are constrained to hold that the only right of action plaintiff ever had was one for an accounting. The partners in the beginning had entered into a trust agreement to the effect that Thomson was to hold the lands for the joint interest of himself and plaintiff, and Mrs. Thomson was his sole legatee under his will. The courts have all along been open to plaintiff to compel an accounting, and an interest in the partnership land could not have been decreed without it. But the action was not a local one, and the location of the land did not control the venue. This was in effect the holding of this court in *Godfrey* v. *White, supra,* at page 179.

We have not gone into the correctness of the chancellor's findings on the accounting attempted as the court was without jurisdiction.

The decree is therefore reversed, and defendants may have one entered dismissing the bill of complaint, with costs to them of both courts.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.