ORLOFF *v.* MOREHEAD MANFG. CO.

1. COURTS—JURISDICTION OF SUBJECT-MATTER.
   Jurisdiction of the subject-matter of a suit cannot be conferred upon a court by conduct of litigants.

2. SAME—QUESTION AS TO JURISDICTION.
   Question of jurisdiction of the subject-matter can be raised on appeal, or in any proceedings wherein the enforcement of the decree may be sought.

3. VENUE—CORPORATIONS—DISSOLUTION PROCEEDINGS.
   Suit by minority stockholders to dissolve corporation or remove present officers and distribute surplus must be brought in county wherein property in dispute is located where subject-matter is local (3 Comp. Laws 1929, § 13997).

4. CORPORATIONS—DISSOLUTION—JURISDICTION—RECEIVERS.
   Exclusive jurisdiction of proceedings to dissolve a corporation is in county in which it and its property are situated since receivership, through which court acts, necessarily acts upon the *res*, rendering the subject-matter local in character (3 Comp. Laws 1929, § 13997).

5. SAME—LOCAL HABITATION.
   A corporation in this State does have a local habitation, depending not on habitation of stockholders in interest but on official exhibition of legal and local existence.

6. SAME—SUIT BY STOCKHOLDERS—CONTRACT RELATIONS.
   Suit against corporation by its stockholders is a suit by those who have established contract relations with the corporation.

7. COURTS—JURISDICTION—CORPORATIONS—DISSOLUTION.
   Circuit court of county in which plaintiffs reside *held*, not to have jurisdiction of suit brought by minority stockholders of corporation with office and all of its property located in another county, since the subject-matter is local in character (3 Comp. Laws 1929, § 13997).

Appeal from Washtenaw; Sample (George W.), J. Submitted June 13, 1935. (Docket No. 88, Calendar No. 38,330.) Decided October 11, 1935.

Bill by Leonard B. Orloff and Julia Stott Orloff against the Morehead Manufacturing Company, a Michigan corporation, and others for the appointment of a receiver and dissolution of the corporation or the removal of officers, an accounting and distribution of surplus and other relief. Decree for plaintiffs. Defendants appeal. Reversed and bill dismissed.

*Jacob F. Fahrner* and *Burke & Burke,* for plaintiffs.

*Douglas, Barbour, Desenberg & Purdy (Harold B. Desenberg,* of counsel), for defendants.

NORTH, J. This case was formerly before this court on defendants' application for mandamus to compel vacation of an order appointing a temporary receiver. The writ issued. *Morehead Manfg. Co.* v. *Washtenaw Circuit Judge,* 254 Mich. 697. It is now before us on appeal by defendants after hearing on the merits and entry of decree.

Plaintiffs are minority stockholders in the Morehead Manufacturing Company, a Michigan corporation. The individual defendants own a controlling interest in the stock of this corporation, and they constitute three of the four members of the board of directors. As such directors they have elected themselves to the respective offices of president, secretary, and treasurer during the period covered by the decree from which this appeal is taken. From time to time during that period the board of directors fixed the salaries of the respective corporate officers and completely controlled the conduct of the corporate business. Plaintiffs, by their amended bill of complaint, charge defendants with mismanagement of the corporate affairs in that they have unlawfully voted themselves excessive salaries, that larger divi-

dends should have been declared, and that the individual defendants as directors of the corporation have caused to be accumulated too large a surplus, which surplus plaintiffs assert should be distributed among the stockholders. Plaintiffs also charge these defendants with having made unlawful loans of corporate funds to themselves and others. The relief prayed by plaintiffs is the appointment of a receiver to take charge of the corporation and to wind up its affairs and that the corporation be dissolved; or in the alternative the removal from office of the defendant directors, an accounting by them for "unlawful and extravagant" salaries, an accounting for company funds unlawfully loaned, and distribution of the entire surplus to the stockholders. Prayer for general relief is added.

Defendants entered a special appearance and moved to dismiss the bill of complaint. In part the reasons assigned in support of this motion are hereinafter noted. The motion was denied. Defendants then appeared generally and answered, denying plaintiffs were entitled to the relief sought. After full hearing plaintiffs had decree which provided for the appointment of a receiver to wind up the business of the corporation and to make distribution of its assets after payment of its debts, and that each of defendants, who were decreed to have received excessive and unlawfully voted salaries, should account to the receiver in a specified measure for the sums so received. Defendants have appealed.

Among the reasons assigned in support of the above mentioned motion to dismiss were the following:

"That the corporate defendant, Morehead Manufacturing Company, a Michigan corporation, is a corporation organized, existing and doing business

under and by virtue of the laws of the State of Michigan, and that its only place of business within said State of Michigan is located in the city of Detroit, Wayne county, Michigan.

"That the circuit court of the county of Washtenaw has no jurisdiction to entertain said suit.

"That the circuit court for the county of Wayne, State of Michigan, has sole and exclusive jurisdiction of said cause and all of the parties hereto are residents of said county of Wayne and that there is no property involved in said cause located outside of said county of Wayne."

In part the reasons assigned by appellants in support of this appeal are:

"The court erred in holding that it had any jurisdiction in the above entitled case.

"The court erred in appointing a receiver for the defendant, Morehead Manufacturing Company, under the evidence in this case.

"The court erred in holding that it could interfere with the management of the corporate defendant in the manner set forth in the final decree.

"That the decree entered in said cause is contrary to the law.

"That the court erred in not dismissing plaintiffs' bill of complaint."

At the outset a controverted question of jurisdiction of the subject-matter of this suit in the Washtenaw county circuit court in chancery is presented. If by law that court did not have jurisdiction of the subject-matter upon which it passed decree, decision herein should be planted thereon and the decree vacated.

Jurisdiction of the subject-matter of a suit cannot be conferred upon a court by conduct of litigants. *Hoffman* v. *Security Trust Co. of Detroit,*

256 Mich. 383; *Exo* v. *Automobile Inter-Ins. Exchange,* 259 Mich. 578. The question of jurisdiction of the subject-matter can be raised on this appeal, or in any proceedings wherein the enforcement of the decree may be sought. *General Motors Acceptance Corp.* v. *Ellar,* 243 Mich. 603.

As bearing upon the question of jurisdiction we note the following provisions of the judicature act. Application for voluntary dissolution of a corporation should be made by petition "to the court of chancery for the county wherein said corporation is located." 3 Comp. Laws 1929, § 15310. A petition for the winding up of the affairs of a mining company or a corporation whose charter has expired should be prosecuted "in the circuit court in chancery of any county of this State in which any of the real or personal property of such corporation may be situated." 3 Comp. Laws 1929, § 15319. Chapter 41 of the judicature act pertains to proceedings against corporations in chancery and it is therein provided that such proceedings shall be in "the circuit court in chancery within the proper county." 3 Comp. Laws 1929, § 15328. In the absence of a more definite statutory provision as to jurisdiction in the instant case, we think it is controlled by that portion of the general statute which reads:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local, and if it is not local, in the county where one of the parties in interest resides." 3 Comp. Laws 1929, § 13997.

Since its organization in 1905 the home office of the Morehead Manufacturing Company and its place of conducting its business has been in Detroit,

Wayne county. It owns both real and personal property, all of which is located in Wayne county. Service of process in the instant suit was obtained upon defendants in Wayne county. Plaintiffs claim to be and the circuit judge found they were residents of Washtenaw county. Evidently because of such residence defendants' motion to dismiss for lack of jurisdiction was denied. It is obvious that, because of the quoted statutory provision, the jurisdiction of the Washtenaw county circuit court in chancery depends upon whether in the instant suit "the subject-matter is local."

As stated in appellees' brief: "The primary object of the (instant) suit was to dissolve the corporation and to wind up its affairs, and for an accounting." If, in granting the relief sought by plaintiffs the court, through the instrumentality of a receivership, must actually take over and dispose of the assets of the corporation, surely it acts upon the *res.* The prayer of the bill of complaint is that the defendants "be forthwith required to turn over to such receiver all of the property, money and assets" of the corporation incident to the winding up of its affairs or its dissolution. Such was the relief granted by the decree of the court which as to the corporation provided that "all its affairs and business be wound up;" and further the receiver was directed to make disposition of the assets and property of the corporation "in accordance with the law." Obviously the terms of the decree cannot be executed except the receiver takes over and disposes of all the assets of the corporation, both real and personal, and makes final disposition of them. A suit of this nature, according to adjudicated cases, is local in character; and therefore exclusive jurisdiction is in the chancery court of the county in

which the corporation and its property are located. The exact question does not seem to have been heretofore adjudicated in this State; but there are numerous Federal decisions holding suits of this type are of local character. In a suit for the appointment of a receiver for a railroad it was said:

"A large part of it (the railroad) is actually located within this district. In so far as the assets are personal, they are likewise largely located here. *It is therefore a suit of a local nature,* and the fact that a portion of this entirety is in the northern district of Georgia does not affect the local character of the suit. The statute of the State code (section 3149a) gives to the plaintiffs an equitable right to subject this property to the payment of their debts, which right, it has been repeatedly held, a court of equity of the United States can enforce. To do this, it is necessary for a receiver of the court to take actual possession of the *res,* to control and administer it, and to do this in the locality in which it is situated. The character of the suit is not doubtful." *East Tennessee, V. & G. R. Co.* v. *Railroad Co.,* 49 Fed. 608, 616 (15 L. R. A. 109).

"A suit for the appointment of receivers to conserve and protect the assets of a corporation is one of a local nature, within judicial code, § 54 (Comp. St. 1916, § 1036), and under section 55 (section 1037) cannot be maintained in a district wherein the corporation was not domiciled and had no property of a fixed nature." *Primos Chemical Co.* v. *Fulton Steel Corp.* (syllabus), 254 Fed. 454.

It appears from the body of the opinion in the case last above cited that the statutory provisions to which reference is made are of the same character as the statutory provision of Michigan above quoted in that in each instance it is provided that a suit of a local nature must be brought in the district or county "in which the subject-matter of the suit is

located or situated." To the same effect, see *Gatch, Tennant & Co.* v. *Railroad Co.*, 59 Fed. (2d) 217.

Aside from the precedent of judicial decision, we think upon reason, looking to the orderly administration of justice, we should hold that in suits of this character exclusive jurisdiction is in the chancery court of the county where the corporation itself is situated and within which both its real and personal property are located; such holding being on the ground that the subject-matter of the litigation is local. To hold otherwise would, for example, enable a dissatisfied minority stockholder having a residence in Marquette county to summons to that jurisdiction a corporation whose principal office and property, both real and personal, were located hundreds of miles distant in Wayne county and whose business was there conducted, and to submit its right to continue in business to the adjudication of a court located in an extremely remote jurisdiction.

It is settled that a corporation in this State does have a "local habitation." *Detroit Transportation Co.* v. *Board of Assessors of Detroit,* 91 Mich. 382.

"Its residence depends not on the habitation of the stockholders in interest, but on the official exhibition of legal and local existence. Angell and Ames on Corporations (11th Ed.), § 107." *Republic Motor Truck Co.* v. *The Buda Co.,* 212 Mich. 55, 65.

"It is familiar doctrine that a private corporation must be held to reside in the town where its principal office is, as a local inhabitant." *People, ex rel. Detroit Fire & Marine Ins. Co.,* v. *Saginaw Circuit Judge,* 23 Mich. 492.

In this last cited case Justice CAMPBELL also said:

"But where their relations are generally contract relations, entered into voluntarily—inasmuch as every one has knowledge, or means of knowledge, of the residence of all private corporations, and

therefore can always tell where a suit will lie—those who choose to make agreements do it with their eyes open, and cannot complain if they are compelled to sue where the law has required."

Obviously a suit brought by stockholders falls within the category of those who have established "contract relations" with the corporation.

The decree in the instant case recites that the defendant Morehead Manufacturing Company is "a Michigan corporation of Detroit, Michigan." The relief sought and decreed in the circuit has to do with a subject-matter which is local in character. It follows that the Washtenaw county circuit court in chancery did not have jurisdiction of such subject-matter.

Appellees, contending that the trial court had jurisdiction, cite and largely rely upon *Dunlap v. Byers,* 110 Mich. 109, and *Reed v. Bird,* 239 Mich. 32. A reading of the cited cases will disclose that if they are at all applicable to the question here under consideration, each at least inferentially is an authority holding that a proceeding for a partnership dissolution should be brought in a court in whose territorial jurisdiction the partnership is located. *Dunlap v. Byers, supra,* was in effect an ancillary proceeding brought in this State for the purpose of making effective a decree rendered in a partnership dissolution proceeding in the superior court of Cincinnati, Ohio, in which city the partnership was located. *Reed v. Bird, supra,* was held by this court to be a suit for an accounting and that as such it was not local in nature; and that it therefore could not be maintained in Oakland county where none of the parties litigant resided.

Because of lack of jurisdiction in the circuit court of Washtenaw county in chancery, the decree there

entered must be vacated.   Decree will be entered in this court dismissing plaintiffs' bill of complaint, with costs of both courts to defendants.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.