## HIGGINS v. HAMPSHIRE PRODUCTS, INC.

1. CORPORATIONS—ARTICLES—REPORTS—PURPOSE OF PUBLIC RECORD.
   The purpose of the requirement that the articles of incorporation and annual report of a corporation be made a public record is to provide a means of furnishing reliable information to those who deal with corporations (Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943; § 81, as amended by Act No. 194, Pub. Acts 1935).

2. SAME—ARTICLES—REPORTS—RESIDENCE.
   The purpose of the requirement that the location and postoffice address of the corporation be specified in the articles and the annual reports is to fix the location or residence of the corporation for purposes of securing service of process, determine venue, general jurisdiction and taxation (Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943; § 81, as amended by Act No. 194, Pub. Acts 1935).

3. SAME—RESIDENCE—VENUE—RECORDS OF COUNTY CLERK.
   Records on file in a county clerk's office which have been executed and verified by a corporation are assumed to be proper and may be relied upon by one who examines them for the purpose of selecting a court of competent jurisdiction for the

bringing of a suit, hence where corporation, although its place of business was located in Monroe county, filed its articles of incorporation in Washtenaw county and annual reports designated latter county as its place of doing business, it was a "resident" of such latter county at least for purposes of venue in a transitory action (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931; Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943; § 81, as amended by Act No. 194, Pub. Acts 1935).

4. SAME—ARTICLES—RESIDENCE—VENUE IN TRANSITORY ACTION.

Although the designation of residence in the certificate of incorporation is not absolutely conclusive as to the corporation so as to bind all persons, it is nevertheless conclusive as to the corporation where a question of venue in a transitory action is involved (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931; Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943).

5. SAME—ARTICLES—RESIDENCE—SERVICE OF PROCESS.

The statement in the articles of incorporation that the residence of the corporation is in a designated county estops it to say that that is not its residence for certain purposes, such as for service of process in a transitory action, notwithstanding it is the rule that the residence of a private corporation is where its principal office is (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931; Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943).

6. SAME—LEGAL ENTITY—RESIDENCE.

It is a general and well-established principle of law that a corporation has a legal entity distinct from its members and must be a resident of some place.

7. SAME—VENUE—TRANSITORY ACTIONS.

A transitory action was properly brought in the place of defendant corporation's *de jure* residence, notwithstanding its principal place of business was in another county.

8. SAME—VENUE—SERVICE OF PROCESS.

Where a transitory action is commenced against a defendant corporation in the county of its *de jure* residence, service of process could then be made any where within the State (3 Comp. Laws 1929, § 14090).

9. SHERIFFS AND CONSTABLES—SERVICE OF PROCESS.

A sheriff, or his deputy, is a county officer and has no jurisdiction to serve process outside the limits of his own county unless specially authorized to do so.

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RES JUDICATA.

Question of *res judicata* is not considered on appeal where, although properly raised on motion to dismiss, no testimony was taken thereon, trial court did not make findings in respect thereto and attorneys for defendant on appeal declined to argue the point.

11. SAME—SUFFICIENCY OF DECLARATION—SERVICE OF PROCESS.

Where sufficiency of declaration against corporation was not questioned, except upon a question of *res judicata* which defendant's attorneys declined to argue on appeal, it was error to grant motion to dismiss and to quash service except so far as quashal of service because made by deputy sheriff outside the county of which he was an officer (3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931; § 14009; Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943; § 81, as amended by Act No. 194, Pub. Acts 1935).

BUSHNELL, C. J., and SHARPE, J., dissenting in part.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted October 9, 1947. (Docket No. 48, Calendar No. 43,851.) Decided January 5, 1948.

Assumpsit by Russell C. Higgins, and others, copartners, doing business as Consolidated Aircraft Products Company, against Hampshire Products, Inc., a Michigan corporation, with ancillary garnishment against Ann Arbor Bank and others, garnishee defendants. Motion to dismiss and to quash service granted. Plaintiffs appeal. Order dismissing suit reversed. Action and garnishment reinstated.

*Freud & Toppin* (*Henry J. Freud,* of counsel), for plaintiffs.

*Roscoe O. Bonisteel* and *Charles C. Menefee,* for defendant.

SHARPE, J. (*dissenting in part*). This is an appeal from an order of the Washtenaw circuit court dismissing plaintiffs' declaration for claimed lack of jurisdiction.

The material facts are not in dispute. Plaintiffs, as a copartnership and residents of Wayne county, instituted the present action in Washtenaw county by filing a declaration with rule to plead indorsed thereon. On the same day a deputy sheriff of Washtenaw county served the declaration with rule to plead upon LeRoy Briggs, an accountant of defendant corporation, at its office at 495 Redmond road, Milan, Michigan. Thereafter, the deputy sheriff filed a return certifying that he had served the defendant corporation in Washtenaw county.

Subsequently, the principal defendant entered a special appearance and filed a motion to dismiss and quash the service of process on the ground that the court had obtained no jurisdiction of the cause for the reason that neither the plaintiffs nor principal defendant were residents of Washtenaw county; and that no service was obtained upon defendant in Washtenaw county. Testimony was taken upon this motion and the following facts were established. Defendant company was incorporated in 1941. In its articles of incorporation, the city of Milan, Washtenaw county, was designated as the location of the corporation with annual reports filed with the county clerk of Washtenaw county. It is also an established fact that the Monroe-Washtenaw county line runs through the city of Milan; that 495 Redmond road is in Monroe county; that the principal defendant's office and place of business has not been changed since incorporation; and that service of process was in fact made in Monroe county.

The trial court entered an order quashing the service of process and dismissing plaintiffs' declaration with rule to plead for the reason that service of process was made in Monroe county and, therefore, the circuit court of Washtenaw county had obtained no jurisdiction over defendant corporation.

Plaintiffs appeal and urge:

"1. The trial court should have ruled that defendant is a resident of Washtenaw county in point of law and fact, estopped by its conduct from asserting any contrary claim.

"2. Although, as the court of the county of defendant's residence in which suit was brought, its process can be served on the defendant any place where defendant can be found in the State of Michigan (3 Comp. Laws 1929, § 14090 [Stat. Ann. § 27.757]), the court should have ruled that defendant was estopped to assert or testify that service of process at its registered office was not made in Washtenaw county.

"3. Although, if the return of service of process was false, the trial court could properly, at the most, have quashed service and issued new process directed to the sheriff of any county of Michigan, the trial court should have ruled that, let alone clear and convincing proof, there was utterly no evidence whatever to impeach the return of service of process."

We shall first discuss the question of whether defendant corporation is estopped from denying that it is a resident of Washtenaw county.

In *Orloff* v. *Morehead Manfg. Co.*, 273 Mich. 62, a suit by a minority of stockholders was started in Washtenaw county to dissolve the corporation. Its place of business was located in Wayne county. Plaintiffs lived in Washtenaw county. Service of process was obtained upon defendants in Wayne county. We there said:

"It is settled that a corporation in this State does have a 'local habitation.' *Detroit Transportation Co.* v. *Board of Assessors of Detroit*, 91 Mich. 382.

" 'Its residence depends not on the habitation of the stockholders in interest, but on the official exhibition of legal and local existence. Angell and Ames on Corporations (11th Ed.), § 107.' *Republic Motor Truck Co.* v. *The Buda Co.*, 212 Mich. 55, 65.

"'It is a familiar doctrine that a private corporation must be held to reside in the town where its principal office is, as a local inhabitant.' *People, ex rel. Detroit Fire & Marine Ins. Co.,* v. *Saginaw Circuit Judge,* 23 Mich. 492."

In *Flewelling* v. *Prima Oil Co.,* 291 Mich. 281, the defendant company had its registered office and was conducting its business in Wayne county. Plaintiffs began an action in Jackson county and service of process was made upon defendant officer and registered agent of the corporation in Wayne county. Defendant corporation had abandoned its registered office and was conducting its business from the private residences of its officers, all of whom resided in Wayne county. We there said:

"The corporation may have violated the provisions of Act No. 327, § 38, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 10135–38, Stat. Ann. § 21.38), in abandoning and failing to maintain its registered office, but this did not subject it to service of process anywhere within the State. Although neglecting this duty, it should, nevertheless, be deemed to have a place of residence in the county where it exercises its corporate powers and transacts its business. See *State, ex rel. Oakland Motor Car Co.,* v. *District Court of Waseca County,* 176 Minn. 78 (222 N. W. 524); *Hildebrand* v. *United Artisans,* 46 Ore. 134 (79 Pac. 347, 114 Am. St. Rep. 852); *Connecticut & Passumpsic Rivers R. Co.* v. *Cooper,* 30 Vt. 476 (73 Am. Dec. 319). Plaintiffs elected to institute their action in Jackson county rather than the county of residence of the defendant corporation, and process could be served only in the county in which the suit was instituted. No valid service having been had in the county of Jackson on any of the defendants, no authority existed for serving any of them in Wayne county under the provisions of 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757)."

In 19 C. J. S. p. 976, it is said:

"It has been held that in the absence of any law defining the residence of a corporation, such residence is not necessarily where its principal place of business is, yet, when it is necessary to determine the venue of an action to which a corporation is a party by its residence, the county in which it has its principal place of business or its principal office is generally considered as its residence, although it may not be the county wherein the certificate of incorporation is filed, and although its actual business is carried on, and its officers reside, in some other county, or its charter permits it to maintain an office outside of the State."

In the case at bar, defendant corporation has always had its office and place of business in Monroe county. The fact that the original articles of incorporation designated Washtenaw county rather than Monroe county as its corporate residence does not estop defendant corporation from asserting that its residence and place of business is in Monroe county. In *Dewey* v. *Central Car & Manfg. Co.*, 42 Mich. 399, we held that service of process upon a corporation can be made only within the county where its business office is fixed. In *Whitehead* v. *Van Buren Circuit Judge*, 220 Mich. 504, we held that a sheriff is a county officer and has no jurisdiction to serve process outside the limits of his own county unless specially authorized to do so. It follows that service of process by a deputy sheriff of Washtenaw county upon defendant corporation in Monroe county is a nullity and the trial court was right in quashing such service. Moreover, the general policy of our laws requires all suits to be brought in the county where one or the other of the parties resides. See *Greacen* v. *Buckley & Douglas Lumber Co.*, 167 Mich. 569.

Defendant corporation, being a resident of Monroe county, must be sued in that county. It also follows that the trial court was right in dismissing plaintiffs' declaration filed against defendant corporation in Washtenaw county. The judgment should be affirmed, with costs to defendant.

Bushnell, C. J., concurred with Sharpe, J.

Butzel, J. This suit was properly brought in Washtenaw county. The village of Milan is situated partly in Monroe county and partly in Washtenaw county. Defendants claim that it is common knowledge at least in Milan, Michigan, that the street address of defendant Hampshire Products, Inc., as well as the location of its office, is in Monroe county, and that it is inconceivable that plaintiffs after doing business with defendants for many months did not have this knowledge.* Our attention has not been called to any law or custom by which a county line can be determined by a careful observer in the absence of a sign designating it, and there is no claim that there was such a sign. The only safe and proper thing for an investigator to do is to go to the county records. That is exactly what the plaintiffs did. The articles of association ** of defendant, its certificate of registered agent† and its annual reports‡ regularly filed up to and including the year

* Although the question does not arise in the present case as far as the venue is concerned, for the correctness of the opinion it should be noted that although Hampshire Products, Inc., stated that it was located in the *city* of Milan, Michigan, Milan is still a *village*. See Michigan Manual for 1945, p. 156; Public and Local Acts of Michigan, 1947, p. 765.

** See Act No. 327, § 4, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 10135–4, Stat. Ann. 1946 Cum. Supp. § 21.4).—Reporter.

† See Act No. 327, § 79, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135–79, Stat. Ann. § 21.79).—Reporter.

‡ See Act No. 327, § 81, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10135–81, Stat. Ann. § 21.81).—Reporter.

1946 stated that its place of doing business and of-
fices are in Washtenaw county. It is not claimed
that Monroe county is even mentioned. The articles
of association were never amended or filed in Monroe
county. A short time prior to the commencement
of this suit, plaintiffs had brought another suit in
Washtenaw county against Hampshire Products,
Inc., to recover on what plaintiffs claim was an en-
tirely different cause of action, and in that suit de-
fendant did not assert that the venue was improper.
The testimony showing that Hampshire Products,
Inc., was located in Monroe county is not strong.
The court relied on the fact that the company paid
personal property taxes in Milan township, which is
in Monroe county. The record makes it uncertain
whether it did this more than once. The deputy
sheriff who served the declaration stated that he did
not know whether the company's building was in
Washtenaw county or not, but that the line goes
through Milan and the building is located very close
to the line. Plaintiffs, however, made no showing to
refute the claim that the defendant's property was
not situated in Washtenaw county except to offer
the records and files of the county clerk of Washtenaw
county and to show the additional fact that no cer-
tificate was filed in Monroe county. The judge on
this tenuous testimony on the part of defendant
Hampshire Products, Inc., found under the circum-
stances that Hampshire Products, Inc., was located
in Monroe county.

Numerous decisions hold that the purpose of the
requirement that the articles of incorporation and
annual report be made a public record is to provide
a means of furnishing information to those who deal
with corporations and that those so dealing have a
right to rely upon the fairness and honesty of state-
ments made therein. *Silberman* v. *Munroe,* 104

Mich. 352; *Bank of Saginaw* v. *Pierson,* 112 Mich. 410; *Dime Savings Bank* v. *Fletcher,* 158 Mich. 162 (35 L. R. A. [N. S.] 858); *Continental & Commercial National Bank* v. *Emery,* 178 Mich. 612; *Ver Wys* v. *Vander Mey,* 206 Mich. 499. Although these cases refer to the right to rely upon statements regarding the financial condition of a corporation, the same reasoning should apply with respect to other statements contained in the records.

The purpose of the requirement that the location and postoffice address of the corporation be specified in the articles and the annual reports is, among others, to fix the location or residence of the corporation under venue statutes. 1 Fletcher, Cyclopedia, Corporations (Perm. Ed.), § 140. In section 4046 of the same work, the rule is again stated:

"Such requirements are written into the statutes in order to secure service of process, determine venue, for purposes of general jurisdiction and taxation."

Many cases are cited. We find these among others to be directly in point: *State, ex rel. Juvenile Shoe Corp.,* v. *Miller,* 217 Mo. App. 16 (272 S. W. 1066); *Alabama Clay Products Co.* v. *City of Birmingham,* 226 Ala. 631 (148 South. 328); *State, ex rel. Northwestern Land & Colonization Co.,* v. *District Court of Winnebago County,* 191 Iowa, 244 (182 N. W. 211). In a fairly recent case, *Hawk & Buck Co., Inc.,* v. *Cassidy,* 164 S. W. (2d) 245, the Texas Court of Civil Appeals said:

"Like many other jurisdictions, Texas has by statute required corporations to designate the place or places where they will do business. * * * Such statutes are, no doubt, for the obvious purpose of avoiding disputes as to the company's 'place of business' or 'domicile' and to determine venue," et cetera.

It is the usual practice of attorneys in selecting a court of competent jurisdiction for the bringing of a suit to check the records on file in the county clerk's office. Plaintiffs followed this practice in this case and the public records revealed that defendant resided in Washtenaw county. Are we to say that plaintiffs had no right to rely upon these records, which are composed of documents which we assume have been properly executed and verified by defendant? By asserting that it is not a resident of Washtenaw county, defendant seeks to set up its violation of the statute by failing to file true annual reports as a shield from an otherwise proper suit.

We feel that the basic question involved in this appeal is the following: Does the designation of Washtenaw county in the articles make defendant a "resident" of Washtenaw county, at least for purposes of venue, under 3 Comp. Laws 1929, § 13997, par. 2, as amended by Act No. 225, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 13997, Stat. Ann. § 27.641), even though, in fact, its principal and only office is in Monroe county? This question must be answered in the affirmative if we are to give effect to the legislative intent behind the statutes regulating articles of association, annual reports, et cetera, of corporations.

We must acknowledge that the authorities are in conflict upon this question. The text-writers have the following to say:

8 Fletcher, Cyclopedia Corporations (Perm. Ed.), § 4035:

"Domestic corporations * * * are * * * deemed to have, equally with natural persons, a residence at some place in the State, and that place is generally regarded as being the one at which the principal office or principal place of business is located, or where its books are kept and its

corporate business is transacted.   *   *   *   Thus, it has been held that a domestic corporation has its residence for purposes of venue in the county designated in its certificate of incorporation as that in which its principal place of business was to be located, notwithstanding the fact that it actually has places of business in one or more other counties, although it has been held that statements in its certificate or charter as to the location of its principal place of business are not at all conclusive.''

And in section 4046, the same author says:

''The courts are not agreed upon the question as to whether the statement in the articles of incorporation regarding the location of the principal office or place of business is or is not conclusive.  According to the weight of authority such statement is not conclusive.''

In 18 C. J. S. p. 585, Corporations, § 176, the following language appears:

''By some authorities, the charter, articles, or certificate is regarded as conclusive as to domicile or residence, although the company may in fact transact some or even the greater part of its business elsewhere; but according to other authority, at least as to the State and persons not parties to the designation of the principal place of business, residence, or domicile is not conclusively determined by the charter, articles or certificate, but is a question of fact.''

We have made a very thorough, though not exhaustive, examination of the cases cited in support of these rules.  We find that in the cases which were in point on the issue herein involved the courts have been uniform in holding, in effect, that a corporation can be sued in transitory actions in the county designated in its certificate to be the location of its principal office, *i.e.,* that a corporation is a resident

of such county for purposes of venue. From them the rule can be deduced that although the designation in the certificate of incorporation is not absolutely "conclusive" so as to bind all persons, it is nevertheless conclusive *as to the corporation* where a question of venue is involved.

In *Hawk & Buck Co., Inc.*, v. *Cassidy, supra,* a case which on its facts is practically identical with the instant case, the court said:

"We feel compelled to follow the rule   *   *   * that a corporation may be sued in the county where its domicile is designated by its charter, and this regardless of whether it does business or maintains an office in such county. In this decision, however, we do not wish to be understood as holding that the provisions of the charter fix the venue exclusively in Dallas county. The principal office of the corporation is admittedly in Tarrant county and thus venue against it might also be there under   *   *   * (the statute). The conclusiveness of the recitations in the charter must necessarily be construed against the corporation and not in its favor so as to permit it to remove a suit from the county of its actual residence to one designated in its charter."

An accurate statement of the rule in the State of New York is contained in *Gorman* v. *A. B. Leach & Co., Inc.,* 11 Fed. (2d) 454, where the court quotes from *People, ex rel. Knickerbocker Press,* v. *Barker,* 87 Hun 341 (34 N. Y. Supp. 269) (affirmed without opinion, 147 N. Y. 715 [42 N. E. 725]), as follows:

"The policy of this State is to require corporations organized under its laws to have a fixed residence or domicile which is deemed to be where it has its principal office or principal place of business.   *   *   * In case the statute under which a corporation is organized requires that its principal place of business, or its principal office, be designated in its certificate of organization, the statement is *as*

*against the corporation* conclusive evidence of its residence, unless its residence has been changed pursuant to some statute.'' (Italics ours.)

In *State, ex rel. Northwestern Land & Colonization Co.,* v. *District Court of Winnebago County, supra,* suit for appointment of a receiver was instituted in the county designated in defendant corporation's charter to be its principal place of business. The defendant contended that its residence was in another county where it carried on its business and that it had no property or office in the county in which suit was instituted. The court said:

''The presumption exists that the officers and offices of a corporation are to be found at its principal place of business as defined by its recorded articles. *   *   *   The general law of incorporation of this State requires that the corporate articles shall fix and designate its principal place of business. *   *   * A change in its name or its principal place of business may be made by amendment to its articles *   *   * and such amendments are valid only when recorded, approved, and published as the original articles are required to be. *   *   * We conclude, therefore, that under our statutes a domestic corporation *   *   * may be sued: (1) In the county were its principal place of business is fixed by its articles of incorporation or amendments thereto; or (2) in a county where it maintains an office or agency for the transaction of business, and the subject matter of the action grows out of or is connected with the business of that office or agency.''

The same rule is followed in South Carolina. See *Miller* v. *Boyle Const. Co.,* 198 S. C. 166 (17 S. E. [2d] 312), and *Gibbes* v. *National Hospital Service,* 202 S. C. 304 (24 S. E. [2d] 513). See, also, *Hutcheson Manfg. Co.* v. *Chandler,* 29 Ga. App. 726 (116 S. E. 849); *United States Fidelity & Guaranty Co.* v.

*Lawrence,* 184 Ga. 83 (190 S. E. 346); *Newnan Motors, Inc.,* v. *Arrington,* 194 Ga. 569 (22 S. E. [2d] 163); *McHarg* v. *Commonwealth Finance Corp.,* 44 S. D. 144 (182 N. W. 705).

In *State, ex rel. Juvenile Shoe Corp.,* v. *Miller, supra,* suit to enjoin the use of a trade name was instituted in the county designated in defendant corporation's charter to be its "location." The parties stipulated that in fact defendant had no agent, office, or officers in that county. The court said:

"It is a general and well-established principle of law that a corporation has a legal entity distinct from its members and must be a resident of some place. The statute requires that its residence be stated in the articles of agreement. * * * It was no doubt the purpose and intent of the legislature to make this requirement of corporations for the purpose of determining jurisdiction of courts, and we must respect the reasonable intendments of the legislature in such matters. * * *

"We do not undertake to say in this case that relator could not be sued in Jasper county, * * * but we do think that under the provisions of our statute the object and purpose of the legislature in having such corporation designate where it is to be located was done in order to determine venue for the purpose of bringing actions against such corporation."

To the same effect, see *St. Charles Savings Bank* v. *Thompson & Gray Quarry Co.* (Mo. 1919), 210 S. W. 868.

In our search we have been unable to find a single case where it was held improper to bring a transitory action against a corporation in the county which it designates in its articles to be the location of its principal office, nor have any cases been cited to us which so hold. We found many cases, too numerous to cite, in which it was held proper to sue a corpora-

tion in a county other than the one designated in its articles where it in fact had its office or was carrying on business, but we do not feel that such cases are authority for defendant's position.

Our Court has never before been called upon to decide the precise issue present in this case. The closest we have come to doing so was in *Detroit Transportation Co.* v. *Board of Assessors of Detroit,* 91 Mich. 382, in which petition was made for a writ of mandamus to compel the respondent to remove a corporation's name from an assessment roll. The facts were that the charter of the corporation fixed its residence in Hamtramck township, Wayne county, which at the time was outside the city of Detroit. The Court found that in fact the corporation resided in the city of Detroit, and said on page 390:

"For the purposes of this case the answer must be taken as true, and from that it appears that the only office for business which the relator has in this State is in the city of Detroit. *The statement in its articles of association will undoubtedly estop relator to say that that is not its residence for certain purposes, such as filing chattel mortgages and service of process;* but where it is apparent that the sole purpose is to avoid taxation, and that no office for business, within the meaning of the law, is kept at the place mentioned in its articles, the municipality where its real office for business is kept may assess and tax its personal property." (Italics ours.)

It may be claimed that the italicized language is dictum in this case, but we believe it to be sound law.

The rule has been announced in Michigan that a private corporation resides in the place where its principal office is. *People, ex rel. Detroit Fire & Marine Ins. Co.,* v. *Saginaw Circuit Judge,* 23 Mich. 492; *Republic Motor Truck Co.* v. *Buda Company,* 212 Mich. 55; *Orloff* v. *Morehead Manfg. Co.,* 273

Mich. 62; *Flewelling* v. *Prima Oil Co.*, 291 Mich. 281. In none of these cases was the contention made that a corporation is not a resident of the county designated in its articles of incorporation to be the location of its office.

Defendant attempts to draw an analogy between the last cited case, *Flewelling* v. *Prima Oil Co.*, *supra*, and the present one. The cases are similar only in a superficial manner. There we merely held that the failure of the defendant corporation to maintain a registered office as required by the statute "did not subject it to service of process anywhere in the State." The crux of the decision is found in the following paragraph on page 285:

"Plaintiffs elected to institute their action in Jackson county *rather than the county of residence of the defendant corporation,* and process could be served only in the county in which the suit was instituted. No valid service having been had in the county of Jackson on any of the defendants, no authority existed for serving any of them in Wayne county."

No claim was made in that case that the defendant corporation was a resident of Jackson county, and there was, in fact, no basis on which such a claim could be predicated. In effect we held that in spite of the defendant's failure to maintain its registered office, it was still a resident of the county designated in its articles.

Appellees rely largely on *Orloff* v. *Morehead Manfg. Co.*, 273 Mich. 62, but the case does not even remotely resemble the present one. The main question therein was whether or not the subject matter of proceedings to dissolve a corporation is "local" in character. We held that it was, and that it was therefore improper for plaintiffs to institute such an action in a county other than the one in which the defendant corporation had its office and in which its

property was located. There was no claim that the corporation resided in the county where suit was brought. Plaintiffs had brought the action in the county of their own residence on the erroneous theory that their cause of action was transitory in nature.

Since the instant suit is transitory in nature and was properly brought in Washtenaw county, the place of defendant's *de jure* residence, service of process therein could be made anywhere in Michigan under the statute (3 Comp. Laws 1929, § 14090 [Stat. Ann. § 27.757]). The service was, however, fatally defective in one respect. Service was made by a Washtenaw county deputy sheriff. We agree that such service is a nullity for the reasons assigned in Justice SHARPE's opinion, and should have been quashed.

The trial court, however, went further and, in addition to quashing the service of process, dismissed the suit. This was improper. In *Hellman* v. *Ladd,* 315 Mich. 150, we recently held:

"The order of the circuit court not only quashed service of process that had been made on defendant * * * but it also dismissed the bill of complaint as to that corporation. The sufficiency of the bill was not questioned, and the corporation's motion to dismiss was directed solely to the proposition that it was not amenable to service in this State.

"The order entered is too broad and should be modified by limiting its language to the questions raised in the motion."

In the instant case, the motion to dismiss was in the nature of a motion to quash service of process. The sufficiency of the declaration was not questioned, except on the question of *res judicata*. Respecting that point, defendant states in its brief:

"We do not wish to argue the point as to *res judicata* for we realize that, although we claim that this cause is *res judicata* and that a valid covenant not to sue exists, nevertheless no evidence was presented on the point at the hearing below although the defense of *res judicata* is properly raised on motion to dismiss, and the learned trial judge made no findings whatever in relation thereto."

We do not pass on the question whether the cause is *res judicata*.

Under the authority of the cases hereinbefore cited, the trial court was in error in dismissing the suit, but was correct in quashing service of process.

The order dismissing the suit is reversed. The suit and garnishment proceedings are reinstated. The case is remanded and an alias summons may be issued in accordance with this opinion. Plaintiffs will recover costs.

Boyles, Reid, North, Dethmers, and Carr, JJ., concurred with Butzel, J.