Travis WARD, Appellant,

v.

FAIRWAY OPERATING COMPANY, Inc., et al., Appellees.

No. 3973.

Court of Civil Appeals of Texas.

Waco.

May 17, 1962.

Rehearing Denied June 7, 1962.

Roe, Ralston, & McWilliams, Dawson & Dawson, Corsicana, Willis Moore, Athens, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, Wm. J. McKie, Corsicana, Wilson, Miller, Spivey, & Steger, Tyler, for appellees.

WILSON, Justice.

Appellees' pleas of privilege were sustained, and the cause was transferred to Smith County. Appellant sued two corporations and four individuals in Navarro County for recovery of one-third of the capital stock of one of the corporations, Fairway Oil & Gas Co., Inc. He contends it was error to sustain the plea of the latter corporation because its registered office was located in the county of suit, and this was the county, consequently, "in which its principal office is situated" under subd. 23, Art. 1995, Vernon's Ann.Civ.Tex.Stat. No other provision of this subdivision is here relied on. He asserts venue as to the other defendants was maintainable under subd. 4 of that statute.

Fairway's charter designated a " registered office" in the county of suit, and a "registered agent," both as required by Art. 3.02, subd. A(10), Bus.Corp.Act, Vernon's Ann.Tex.Stat. Admittedly it had no office in Navarro County for the transaction of corporate business, and it conducted no corporate business there; its only office for such purposes was in Smith County.

Appellant's position is that before adoption of the Texas Business Corporation Act in 1955, Art. 1304, Vernon's Ann.Civ. Tex.Stat., now repealed, required a corporate charter to specify the "place or places where its business is to be transacted"; that decisions had construed this provision as making the place so named in the charter conclusive as to location of the "principal office" for venue purposes under subd. 23; and the same construction should be given the language of the new corporation Act. Although appellant's argument is persuasive, and we confess some uncertainty, we are unable to agree; and in our opinion the court properly sustained the pleas.

■■■ Subd. 23, Art. 1995 permits venue to be maintained against a private corporation in the county in which "its principal office is situated." Art. 2.09 of the Texas Business Corporation Act provides explicitly, however, that such corporations shall

have and maintain a registered office "which *may* be, but *need not be,* the same as its place of business." The very phrase, "but need not be" so modifies, qualifies and restricts the remainder of the provision that it denotes beyond question an intent to differentiate "registered office" and "place of business." It emphatically negates an intent they must be identical. The venue provision in question, subd. 23, does not expressly concern either; its criterion is "principal office."

The Business Corporation Act obviously effected a change in the requirement as to the contents of the articles of incorporation. It is no longer required that the charter set forth the "place or places where the corporate business is to be transacted"; it is to state only the location of the initial registered office and registered agent. Art. 2.11 makes the latter an agent for service of process, notice and demand on the corporation. The corporation code Committee of the State Bar states the "primary purpose" of the requirement of Art. 2.09 "is to provide an agent for service of process and other notices" on the corporation. 3A, Vernon's Ann.Tex.Stat. p. 56. See also 1 Model Act (1960) p. 233. Hence, the decisions construing former Art. 1304 are neither controlling nor persuasive, and we do not believe the purpose of Arts. 2.09 and 3.02, subd. A(10) was to locate conclusively the principal office for venue purposes under subd. 23.

In Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576, 579, the term "principal office" as used in the venue statute, was said "clearly intended to fix one definite residence," among others, where a corporation might be sued. "If the company maintains a principal office in this state, it resides there for the purpose of being sued." There the location of the principal office was established as a fact on the trial of the plea of privilege. This fact was held to control venue.

The Supreme Court there told us that in the absence of statutory pronouncement a corporation resides "wherever it conducts its ordinary business." Art. 2.09 tells us that the registered office *need not be* the place of business. In our case it is without dispute the corporation conducts no ordinary corporate business in the county of its registered office.

■ The venue fact to be determined here is whether the "principal" office of the corporation was situated in the county where the suit was pending. We do not think it is to be decided by an artificial or arbitrary formula. Designation of a "registered" office, in our opinion did not conclusively establish that fact. Absent a legislative requirement that the articles state the location of the principal office, we think its location under the existing statutes in the present case presents a question of fact. The evidence supporting the trial court's implied finding here that the principal office was in fact in Smith County is without dispute. Are we, then, to say it was elsewhere, as a matter of law?

Appellant lists 29 states whose corporation statutes require charter designations of "principal office," "principal place of business" or like statements. Statutes of seven states expressly authorize venue where the registered office is located. Statutes in four other states provide, in effect, that "registered" office and "principal" office are synonymous. Cases construing such statutes are obviously inapplicable. The Texas Act does not so provide, directly, and the omission would appear to be significant in determining it does not do so by implication. It is also significant that the Legislature, by Arts. 7.03, 7.06 and 8.16 specifically authorized venue of only one category of proceedings (dissolution, receivership, liquidation and revocation) in the county of the registered office. If appellant's view is correct there was no necessity for such specific authorization. (See Art. 1995, subd. 30). Cf. Arts. 2.05, subd. A(1), 3.02, 7.06, Non-Profit Corporation Act, 1961.

In Higgins v. Hampshire Products, 319 Mich. 674, 30 N.W.2d 390, 175 A.L.R. 1083,

relied on by appellant, the charter expressly named the county of suit as the location of the office and place of business; and there was no Michigan statute providing the registered office need not be the place of business, or principal office. State ex rel. O'Keefe v. Brown (Mo.1951) 235 S.W.2d 304, also relied on, applied a venue statute which expressly provided the residence of a corporation was where it maintained its registered office. These decisions are not helpful.

■ The general rule of construction governing has been firmly defined by the Supreme Court: To deprive a defendant of the right of trial in the county of residence the case must "clearly" come within a "well defined" exception. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, 828 and cases cited. Venue exceptions "must be strictly construed." National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1025, and "equal doubt between the exception" and the rule that defendant shall be sued in the county of residence "is to be resolved in favor of the rule." Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972. The "principal Office" provision of subd. 23 is not, strictly, an "exception" to exclusive venue in the county of residence; it is simply one method of determining residence for venue purposes. To hold as appellant contends would be to engraft another.

We see no basic distinction between the present problem and that presented in Shamrock Oil & Gas Corp. v. Todd, Tex. Civ.App., 166 S.W.2d 766 and Mergenthaler Linotype Co. v. Herrmann, Tex.Civ. App., 211 S.W.2d 633. After noting the Supreme Court cases holding no distinction is made for venue purposes between foreign and domestic corporations, these cases determined that compliance with Art. 2031a requiring a foreign corporation to designate a registered service agent by filing his name and address with the Secretary of State, did not constitute such registered agent

an "agency or representative" under subd. 27, Art. 1995. This, because (1) the purpose of Art. 2031a was to assure a method of service of process, and (2) the registered agent carried on none of the charter purposes or business of the corporation. Subd. 27, it was held, refers to such an agency or representative as actually conducts the corporate business "in more or less regular and permanent form" in the county of suit. Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194. To our minds the Legislature has no more intended by Arts. 2.09 and 3.02 that "registered" office and "principal" office are necessarily the same, than it intended that a registered agent was an "agency or representative" under Art. 2031a.

It is said that by rejecting appellant's construction of Art. 2.09 it may sometimes be difficult to ascertain the location of the principal office. It is no more difficult than was true under the above decisions; or than was then true under subd. 27 which also permitted venue where the foreign corporation's "principal office" was situated—it having no duty to specify in a charter or otherwise where its business was to be transacted. The location of such principal office under subd. 27 was held to be a venue fact to be determined as are any other venue facts under the other subdivisions of Art. 1995.

Appellant asks, if the "registered office" of Fairway is not its domicile, where is it? The Supreme Court answers: "Wherever it conducts its ordinary business," in the absence of statutory regulation. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576, 579. Art. 2.09 answers, also, that the registered office is not necessarily the same as its place of business.

We recognize our views are not entirely in accord with those in United States Furniture Corp. v. Twilite Mobile Homes Mfg. Co., Tex.Civ.App., 355 S.W.2d 851, no rehearing. With hesitancy resulting from

deference and respect for that opinion, we believe the Legislature did not intend to conclusively constitute the registered office the "principal" office of a corporation under subd. 23.

Affirmed.