RADIO ELECTRONICS SUPPLY COMPANY *v.* SMITH.

1. CORPORATIONS—ANNUAL REPORTS.
   Annual reports are required of corporations to provide the information in the public records demanded by the statute for the use and benefit of those who deal with a corporation (CLS 1956, § 450.82).

2. SAME—DEFICIENT ANNUAL REPORTS—LIABILITY OF PRESIDENT FOR CORPORATE DEBTS.
   Corporation president's deliberate noncompliance with request of corporation and securities commission to furnish information

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations §§ 1057, 1072.
[2] 13 Am Jur, Corporations §§ 1057, 1069 *et seq.*

as to who were the corporation's directors whose names had been omitted from the reports and because one report failed to disclose a change of address of the corporation rendered him liable for debts contracted·on behalf of the corporation during the period of such noncompliance, especially where he was essentially carrying on a sole proprietorship during the period involved (CLS 1956, § 450.82; CL 1948, § 450.87).

Appeal from Wexford; Peterson (William R.), J. Submitted January 10, 1964. (Calendar No. 19, Docket No. 50,202.) Decided March 5, 1964.

Action by Radio Electronics Supply Company, a Michigan corporation, against Lyle Smith, individually, and Lyle Smith Home Appliance, Inc., a Michigan corporation, for sums due on promissory note. Judgment for plaintiff. Individual defendant appeals. Affirmed.

*Rosemary Scott,* for plaintiff.

*Edward W. TenHouten,* for defendant Smith.

ADAMS, J. Suit was brought against Lyle Smith Home Appliance, Inc., and Lyle Smith, individually, upon a note of Lyle Smith Home Appliance, Inc., dated April 19, 1961. The corporation was principally owned by Smith, who was its president. The corporation had become inactive, and its assets were sold·in 1960. In May, 1960, and May, 1961, annual reports were filed with and fees paid to the Michigan corporation and securities commission. The reports were not accepted because they failed to list the names of directors, and because 1 report did not give a change of address of the corporation. Two letters were written, on January 16, 1961, and December 20, 1961, to Smith by the Michigan corporation and securities commission informing him of the deficiencies. Smith received the letters but the reports were

never completed. Upon trial plaintiff attempted to subpoena the records of the corporation. The records were not produced.

CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87) provides:

"(1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, * * * its corporate powers shall be suspended * * * . Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

Defendant appeals from a judgment against himself, claiming there was a substantial compliance with the requirements of CLS 1956, § 450.82 (Stat Ann § 21.82), as to the filing of annual reports. No appeal was taken from the judgment against the corporation.

Annual reports are required to provide the information in the public records demanded by the statute for the use and benefit of those who deal with a corporation. *Higgins* v. *Hampshire Products, Inc.,* 319 Mich 674, 682 (175 ALR 1083). There could be no better example of the desirability of provision in the statute to assure the filing of the required information than the present case in which defendant ignored the requests of the corporation and securities commission and plaintiff was unable to obtain information with regard to the corporation even by means of a *subpoena duces tecum.* The failure to respond to the letters of the corporation and securities commission and to furnish it with the required information was a substantial deliberate noncompliance with the report requirements of the

general corporation act, however innocent it may be claimed the initial failure was to furnish the information. The defendant's conduct was clearly within the terms of CL 1948, § 450.87, *supra,* on April 19, 1961, by virtue of the nonresponse to the corporation and securities commission's letter of January 16, 1961.

The trial court's finding that "within the corporate shell during this period of time he [Smith] essentially was carrying on a sole proprietorship" is amply supported by the record. Under the law and the facts of this case the decision of the trial court was correct.

Judgment affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.