FISHER PROVISION COMPANY v LoPATIN

1. CORPORATIONS—ANNUAL REPORT—OFFICERS' LIABILITY.

The lack of one officer's signature to a corporation's annual report, which was required by statute to have the signatures of two corporate officers, constituted such neglect or refusal to make a report as to create personal liability of the corporate officers for the debts of the corporation contracted during a period in which no annual report was on file; without the signature the report failed substantially to comply with statutory requirements (MCLA 450.83, 450.87).

2. CORPORATIONS—ANNUAL REPORT—GOOD FAITH.

The Michigan General Corporation Act clearly made it the officers' duty to make sure a proper annual report was in fact on file and the heavy penalty imposed by the statute for failure to comply with its terms indicates the significance of that duty; good or bad faith of the officers in fulfilling the requirement is irrelevant.

3. CORPORATIONS—ANNUAL REPORT—OFFICERS' LIABILITY—NOTICE.

There was no genuine issue of material fact and a summary judgment was properly granted to the plaintiff where the pleadings show that defendants, officers and directors of a corporation which filed for bankruptcy, were personally liable for the debts of the corporation under the former Michigan General Corporation Act where the debts were contracted by the corporation during a period in which no annual report was on file with the proper agency as required by statute and the corporate officers neglected or refused to complete the annual report even after notice from the proper state agency that the report was incomplete (MCLA 450.87).

Appeal from Wayne, James L. Ryan, J. Submitted October 8, 1975, at Detroit. (Docket No. 22217.) Decided November 13, 1975.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 19 Am Jur 2d, Corporations §§ 1354, 1365–1369, 1372, 1374.

Complaint by Fisher Provision Company against Lawrence H. LoPatin, George Kawamoto and Edward Glucklick, corporate officers and directors of a corporation which had failed to file an annual report, for the balance due for sale of meat products. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Fischer & Fischer,* for plaintiff.

*Schlussel, Lifton, Simon, Rands & Kaufman* (by *Robert J. Sandler),* for defendants.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff has not been paid for meat products sold by it to Steering Wheel, Inc., of which the defendants are officers and directors. The sales occurred between May 15, 1972, and July 17, 1972. In October of that same year the buyer, Steering Wheel, Inc., filed a petition in bankruptcy.

Plaintiff's action is based upon provisions of the former Michigan General Corporation Act, MCLA 450.87; MSA 21.87 (since repealed), which provided for the personal liability of corporate officers for corporate debts contracted during any period in which such officers refused or neglected to join in the making of the corporation's annual report.[1]

---

[1] MCLA 450.87; MSA 21.87 provided:

"(1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter,

The annual reports were to be filed by May 15 of each year.

On May 15, 1972, Sylvia Durso, an employee of Steering Wheel, Inc., prepared the 1972 annual report and defendant LoPatin signed it as president. While the corporation act[2] required that all annual reports be signed by two corporate officers, only LoPatin's signature appeared on the report. The report was sent to the Michigan Treasury Department on May 15, 1972, and was returned to the corporation on September 15, 1972, bearing the following notation:

"This report has not been accepted for filing by the Corporation Franchise Fee Division, Department of the Treasury, and is not in final form."

The report was placed in the corporate records rather than being completed and resubmitted and was not returned to the Treasury Department until after defendants were served with the complaint in this action in November of 1972.

Hence, debts were contracted by the corporation during a period in which no annual report was on file with the proper agency as required by statute. Upon these facts, the trial court granted plaintiff's motion for summary judgment, holding that the failure of officers LoPatin and Kawamoto to pre-

---

until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

[2] MCLA 450.82; MSA 21.82, MCLA 450.83; MSA 21.83.

pare and file the annual report rendered them personally liable for the corporate debts. Defendants contend on appeal that the lack of one officer's signature did not constitute such neglect or refusal to make a report as will create personal liability, and that even without the signature the report substantially complied with statutory requirements. We cannot agree with either argument.

It is undisputed that from May 15, 1972, until some time in November of 1972, there was no annual report for 1972 on file for Steering Wheel, Inc. This is not a case of a filed report which contains an error. The report was not complete and hence was returned to the corporation. *Bremer v Equitable Construction & Mortgage Corp,* 386 Mich 187; 191 NW2d 331 (1971), relied upon by defendants, is not applicable to this case. In *Bremer,* the annual report, although defective, was in fact filed, and it was complete, containing only a clerical error. Because the annual report in *Bremer* was in fact filed and contained only a clerical error, the Court held that the officers were not personally liable for corporate debts incurred while the defective report was on file.

The case at bar is more closely analogous to *Radio Electronics Supply Co v Smith,* 372 Mich 393; 126 NW2d 729 (1964). In that case, the Court held that the corporation president's deliberate noncompliance with requests of the Corporation and Securities Commission to furnish the names of the directors and the corporation's new address rendered him liable for the debts incurred by the corporation during the period of noncompliance. As in the *Radio Electronics* case, the corporate officers in the case at bar neglected or refused to complete the annual report even after notice from

the proper state agency that the report was incomplete. For the officers to say that they were unaware of the statutory requirement and unaware of the fact that the report was returned unfiled is irrelevant. The corporation act clearly made it the officers' duty to make sure a proper report was in fact on file. The heavy penalty imposed by the statute for failure to comply with its terms indicates the significance of that duty. The good or bad faith of the officers in fulfilling this requirement is also irrelevant. The statute read "neglects or refuses," without qualification. MCLA 450.87; MSA 21.87. We hold that the trial court was correct in finding that there was no genuine issue of material fact and holding that defendants are personally liable for the debts of the corporation.

Other arguments raised by defendants are without merit. Careful consideration of the briefs and review of the record discloses no error in the trial court.

Affirmed.